# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1998 SESSION



**FILED**

August 21, 1998

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **VIKKI LYNN SPELLMAN,** | ) | |
| | ) | **NO. 02C01-9801-CC-00036** |
| Appellant, | ) | |
| | ) | **TIPTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH H. WALKER, III,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**VIKKI LYNN SPELLMAN,** *Pro Se*
# 81976
Special Needs Facility
7575 Cockrill Bend Industrial Road
Nashville, TN  37209-1057

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General
302 Market Street
Somerville, TN  38068

**OPINION FILED:** _____

**REVERSED AND REMANDED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

This case represents an appeal from the trial court's summary dismissal of the appellant's petition for post-conviction relief based upon the statute of limitations. Appellant contends her mental incompetence tolled the statute of limitations. We reverse and remand for a determination of appellant's alleged mental incompetence and its effect upon the statute of limitations.

## PROCEDURAL HISTORY

The appellant pled guilty to first degree murder on April 18, 1988, and received a life sentence. No appeal was taken. On June 15, 1989, the appellant filed her first petition for post-conviction relief alleging ineffective assistance of counsel and was represented by appointed counsel. Just prior to the evidentiary hearing on the merits of the petition, the appellant withdrew the petition.

On December 24, 1997, the appellant filed this her second petition for post-conviction relief again alleging ineffective assistance of counsel at the time of her original guilty plea. In this petition, she asserts that she withdrew her first petition because of her "psychological state" as she was in "no condition to assist post-conviction counsel in presenting anything in a logical, orderly fashion to the Court."

The trial court dismissed the present petition without a hearing, finding that the petition was barred by the statute of limitations. *See* Tenn. Code Ann. § 40-30-202(a). On appeal, the appellant, citing Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), claims that application of the statute of limitations in this case would violate constitutional due process.

## STATUTE OF LIMITATIONS

Tenn. Code Ann. § 40-30-202(a) provides that a person in custody under a sentence of a court of this state must petition for post-conviction relief within one (1)

2

year of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final. The statute further provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. None of the specified exceptions to the statute apply in this case. See Tenn. Code Ann. § 40-30-202(b).

## A. Saving Statute

The appellant's insistence that the saving statute, Tenn. Code Ann. § 28-1-106, applies to post-conviction proceedings is misplaced. The appellant relies upon Watkins, wherein our Supreme Court held that this statute applied in post-conviction proceedings. 903 S.W.2d at 305. However, this holding construed the 1989 Post-Conviction Procedure Act. In 1995, the legislature specifically amended the Post-Conviction Procedure Act to preclude the application of the saving provision. Tenn. Code Ann. § 40-30-202(a). Accordingly, appellant cannot benefit from Tenn. Code Ann. § 28-1-106.

## B. Due Process

This, however, does not end our inquiry. Watkins now becomes relevant in determining whether constitutional due process is applicable. There, the appellant's first petition was dismissed without a hearing because the appellant was unable to proceed with the petition due to his mental incompetence. The second petition was not filed until after the statute of limitations expired and was, consequently, dismissed by the trial court. In remanding the matter for further proceedings on the post-conviction petition, the Supreme Court, relying upon Burford v. State, 845 S.W.2d 204 (Tenn. 1992), based its reasoning upon constitutional due process considerations in addition to the application of the saving statute. The Court stated that if the appellant's "allegations of incompetency prove to be valid, application of

3

the statute of limitations would effectively deprive him of an opportunity to challenge his conviction in a meaningful time and manner." Watkins, 903 S.W.2d at 306 (emphasis added).[1] Furthermore,

> [i]f the petitioner was mentally incompetent, and therefore legally incapable, he would be denied any opportunity to assert his constitutional rights in a post-conviction petition, unless the period of limitations was suspended during his mental incompetence. Due process requires that some reasonable opportunity to assert those rights be afforded.

Id.

### C. Watkins' Application to the 1995 Post-Conviction Procedure Act

In light of Watkins, we proceed to interpret Tenn. Code Ann. § 40-30-202(a) which states, "[t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." The clear legislative intent is to eliminate tolling provisions, such as the saving statute; however, Tenn. Code Ann. § 40-30-202(a) may not eliminate a constitutionally required tolling provision. Since our Supreme Court determined in Watkins that incompetence tolls the statute of limitations under constitutional due process, incompetence remains a viable tolling provision under the 1995 Post-Conviction Procedure Act.

### D. Sufficiency of Appellant's Allegations of Tolling

In the present case, the appellant's first petition for post-conviction relief was dismissed before consideration on the merits. The appellant alleged in her present petition that her psychological condition precluded her from pursuing the first petition in 1990. The court below dismissed the second petition based solely upon the running of the statute of limitations, without a finding as to mental incompetence. The matter in Watkins was remanded for this determination.

---

[1] In Watkins, there was apparently nothing before the Court establishing the appellant was, in fact, mentally incompetent. The same is true in this case.

4

We note that appellant did not allege that she was incompetent during the entire period from 1990 to the filing of the present petition on December 24, 1997. If appellant were incompetent in 1990, but regained competency thereafter, the statute of limitations may still have expired prior to her filing on December 24, 1997. Therefore, even on the face of the petition, appellant did not sufficiently allege facts that would show the filing was timely. We find it difficult to fault the trial court for its dismissal based upon the allegations in the petition. Nevertheless, this issue is one of first impression under the 1995 Post-Conviction Procedure Act. A remand for appointment of counsel and the filing of an amended petition would be appropriate under these circumstances.

## OTHER FACTS APPEARING IN RECORD

A remand is also uniquely justified by the facts appearing in the record which arguably lend support to a claim of mental incompetence. Prior to the original trial, the appellant was delivered to the West Tennessee Mental Health Institute at Bolivar, Tennessee, by the Tipton County Sheriff's Office for emergency treatment. The trial court ordered a pre-trial evaluation to be conducted by the West Tennessee Mental Health Institute. The Institute reported that the appellant was competent to stand trial and that a defense of insanity could not be supported. Although the Institute reported that the appellant was not subject to commitment to a mental health institution, it recommended "outpatient supportive counseling through the Tri-County Mental Health Center."

At the time of the appellant's first petition for post-conviction relief in June 1989, she alleged she was then residing at the DeBerry Correctional Institute, which is a Special Needs Facility.

The current petition for post-conviction relief alleged that at the time of its preparation on December 19, 1997, the appellant was also confined in the DeBerry facility. This latter petition alleged that the first petition was dismissed "as a result of petitioner and counsel so requesting because of the petitioner's psychological

5

state at the time." The petition further alleged that there were no efforts made on the part of any counsel to "ascertain if her psychological state had improved to the point that she could assist counsel in presenting the facts asserted in the initial petition."

Based upon the record, there is arguable evidence of mental health problems as early as 1988 and as recently as when the present petition was filed. Although the present petition does not allege facts sufficient to warrant the trial court in tolling the statute of limitations found in Tenn. Code Ann. § 40-30-202(a), the record does evince sufficient documented bases of prior mental health problems to warrant, in this case, further findings of the court in order to determine whether appropriate grounds exist for the tolling of the statute of limitations based upon the Watkins due process rationale. In other words, the appellant has not made mere conclusory allegations of incompetence. Rather, the record presents a unique justification for further findings of fact on the statute of limitations issue.

**REMAND**

Upon remand, the trial court should appoint counsel and determine if appellant was ever incompetent after her original conviction became final. The statute of limitations was three (3) years prior to May 10, 1995. If appellant was competent for three (3) years prior to May 10, 1995, the statute of limitations expired at the end of the three (3) year period and the present petition filed December 24, 1997, was untimely.

Effective May 10, 1995, the statute of limitations became one (1) year. If the statute of limitations did not expire prior to May 10, 1995, the new one (1) year statute of limitations must be applied. Appellant did not file her present petition until December 24, 1997. Incompetence would need to be determined between May 10, 1995, and December 24, 1996. If appellant was competent for a year prior to December 24, 1996, the statute would have expired at the end of that year period. The present petition filed December 24, 1997, would, therefore, be untimely.

6

For appellate purposes the trial court should make findings as to alleged incompetence prior to May 10, 1995, and subsequent to May 10, 1995.

## CONCLUSION

For the reasons stated above, we vacate the trial court's judgment dismissing the appellant's second petition for post-conviction relief. The matter is remanded for appointment of counsel and further proceedings on the petition. If the trial court finds that the appellant was in fact mentally incompetent, as alleged, at the time of the withdrawal of the first petition, the trial court shall then determine when and whether the appellant regained competence, and whether the present petition was timely filed.

---

**JOE G. RILEY, JUDGE**

**CONCUR:**

---

**CURWOOD WITT, JUDGE**

---

**ROBERT W. WEDEMEYER, SPECIAL JUDGE**