Curtis **WATKINS,** Petitioner–Appellee,

v.

**STATE of Tennessee,** Respondent–Appellant.

Supreme Court of Tennessee, at Jackson.

July 3, 1995.

Daniel A. Seward, Memphis, for petitioner-appellee.

Charles W. Burson, Atty. Gen. & Reporter, Michael E. Moore, Sol. Gen., Rebecca L. Gundt, Asst. Atty. Gen., Nashville, for respondent-appellant.

*OPINION*

REID, Justice.

This case presents an appeal by the State from the judgment of the Court of Criminal Appeals that the statutory three year limitation for filing a petition for post-conviction relief is suspended while the petitioner is mentally incompetent. That decision is supported by statute and by principles of due process, and the decision is affirmed.

The petitioner, Curtis C. Watkins, entered a plea of guilty to aggravated rape on July 13, 1981, upon which plea he was sentenced to 20 years imprisonment. On July 24, 1984, he filed a petition for post-conviction relief, which was dismissed without a hearing on February 18, 1985.

On February 14, 1992, the petitioner filed a *pro se* petition for writ of habeas corpus and, in the alternative, post-conviction relief, in which he alleged that the judgment entered on the plea of guilty was invalid because he was not advised of his right against self-incrimination and he was denied effective assistance of counsel. He stated that while the first petition was pending, he was transferred to the Lois M. DeBerry Special Needs Facility for treatment, and that he was unable to proceed with the first petition because he was mentally incompetent. The petition requested the appointment of counsel.

The State's response to the petition acknowledged that the first petition was dismissed without prejudice because the petitioner was mentally incompetent, but moved for the dismissal of the present petition on the ground that it was time barred. The trial court found that the petition was barred by Tenn.Code Ann. § 40–30–102 (1990) and

dismissed the petition without the appointment of counsel or a hearing.

The Court of Criminal Appeals [1] held:

Although T.C.A. § 40–30–102 contains no tolling provision, mental incompetence tolls the running of the limiting statute in civil causes of actions. *See* T.C.A. § 28–1–106. Given the fundamental nature of the rights litigated within the post-conviction process and the important function this process serves within our criminal justice system, we hold that a petitioner's mental incompetence tolls the limiting effect of T.C.A. § 40–30–102 in cases where the disability existed when the statute began to run.

▌ The petition for relief in this case is facially sufficient, and if it is not barred by the statute of limitations, the petitioner is entitled to the appointment of counsel and a hearing on the petition. *See Johnson v. State,* 834 S.W.2d 922, 925 (Tenn.1992); *State v. Neal,* 810 S.W.2d 131, 135–36 (Tenn.1991). However, since the petition was filed subsequent to June 30, 1989, the petition is barred unless the limitation of action was suspended by the petitioner's mental incompetence.

By its terms, Tenn.Code Ann. § 40–30–102 allows no exception to the three-year limitation for filing petitions for post-conviction relief. It provides:

A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

The saving statute, Tenn.Code Ann. § 28–1–106 (1980), provides:

If the person entitled to commence an action is, at the time the cause of action accrued ... of unsound mind, such person, ... may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

The State insists that this tolling provision does not apply to post-conviction proceedings. It relies upon the definition in Tenn. Code Ann. § 28–1–101, which limits "actions" to "proceedings in judicial tribunals for the redress of civil injuries." The State insists that an action filed under the Post–Conviction Procedure Act is not a civil action, citing *State v. Scales,* 767 S.W.2d 157 (Tenn.1989).

In *Scales,* the Court considered whether the timely filing of a notice of appeal in a post-conviction action is mandatory as in civil cases, or may be waived "in the interest of justice" as permitted in criminal cases by Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Court stated:

Judge Gary Wade, speaking for the Court, stated: "Labels of civil and criminal have little application when constitutional rights hang in the balance. *See Smith v. Bennett,* 365 U.S. 708 [710–714], 81 S.Ct. 895, 897–898 [6 L.Ed.2d 39] (1961)."

. . . . .

As the Court of Criminal Appeals pointed out, "[t]here are no reported cases in this state on the issue of whether a post-conviction proceeding is civil or criminal in nature." ... For purposes of Rule 4(a), Tenn.R.App.P., post-conviction proceedings are criminal in nature and the notice of appeal may be waived "in the interest of justice."

*Id.* at 157–58. However, this Court, discussing the more general nature of post-conviction proceedings, has stated in an unreported opinion:

In this jurisdiction, such proceedings have variously been referred to as quasi civil or quasi criminal. In *Mitchell v. State,* 512 S.W.2d 661, 663 (Tenn.Cr.App.1974), the Court of Criminal Appeals held a petition for habeas corpus and a post-conviction petition to be *pari causa* when the relief and procedure authorized by the Post–Conviction Procedure Act appears adequate and appropriate. We find the comment of the United States Supreme Court in *Smith v. Bennett,* 365 U.S. 708, [710], 81

---

1. The Court of Criminal Appeals' opinion was written by Judge (now Justice) Birch, with Judge

(now Justice) White and Judge Wade concurring.

S.Ct. 895, 897, 6 L.Ed.2d 39 (1961), to be relevant in this case. In *Smith* the court said: "We shall not quibble as to whether in this context it be called a civil or criminal act. . . . The availability of a procedure to regain liberty lost through criminal process cannot be made contingent upon a choice of labels." . . .

A post-conviction proceeding is a hybrid affair, involving an appeal from a criminal prosecution which is considered under *civil rules of procedure*. We are aided in this conclusion by the American Bar Association's Standards for Criminal Justice, 2nd Ed., Standard 22–1.2.

> The procedural characteristics of the post-conviction remedy should be appropriate to the purposes of the remedy. While the post-conviction proceeding is separate from the original prosecution proceeding, the post-conviction stage is an extension of the original proceeding and should be related to it insofar as feasible.

Post-conviction review has become an established part of the criminal process. In formulating a rule we recognize that the post-conviction proceeding is procedurally separate and apart from the original criminal prosecution. It may be initiated by a petition for habeas corpus. T.C.A. § 40–30–108. It seeks not to convict, but to set aside a conviction which is void or voidable because of the abridgement of constitutional rights. The base root of the proceeding is criminal. The post-conviction stage of a criminal trial is an extension of the original proceeding. *The procedure by which a criminal conviction may be set aside is civil in nature, therefore it is tried under the Rules of Civil Procedure* and less stringent evidentiary rules apply. If the petitioner is unsuccessful in his application his criminal status is retained. (emphasis added)

■ For the procedural purposes relevant to this case, a post-conviction petition should be considered civil in nature.[2]

The State argues that "Even if an action for post-conviction relief could properly be characterized as 'civil' in nature, it was still error" to toll the limitations period because "The limitations period established by Tenn. Code Ann. § 40–30–102 is a substantive element, and condition" which is not subject to tolling for any reason. It relies upon decisions holding that "when a statute which creates a right of action [unrecognized at common law] expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right." *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 49, 122 S.W.2d 453, 458 (1938). (*Johnson* involved an action to recover taxes paid under protest.) In further support of this argument, the State cites several other cases finding the general savings statute, Tenn.Code Ann. § 28–1–106, inapplicable to actions brought against governmental entities under the Tennessee Governmental Tort Liability Act.

■ The State's argument is not persuasive. The statute which the State says "created" the right of action did not contain a limitations period when it was enacted in 1967. It was only in 1986 that a limitations period was added. Consequently, it may not be asserted that "time is of the essence of the right" in this case. Additionally, unlike actions against the State or governmental entities which historically were immune from suit, the underlying claims in post-conviction proceedings are constitutional, and the purpose of the Act was, not to create a right of action, but to provide a state court procedure for asserting constitutional claims. *See Case v. Nebraska,* 381 U.S. 336, 344–45, 85 S.Ct. 1486, 1491–92, 14 L.Ed.2d 422 (1965) (Clard, J., concurring); *Burford v. State,* 845 S.W.2d 204, 206 (Tenn.1992).

■ Tenn.Code Ann. § 28–1–106 is applicable to post-conviction proceedings.

■ Even in the absence of a statute tolling the statute of limitations, application of

---

**2.** Statutes of limitation are procedural in that they regulate when a party may file a suit, and are considered substantive only where their application would increase the punishment or alter a substantial right. The procedural aspects of the statute of limitations predominate in this case.

the statute of limitations to the facts of this case would violate constitutional due process. In *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992), this Court discussed the due process requirements concerning access to post-conviction relief. In that case, four of the five convictions used to enhance a persistent offender sentence had been set aside. The petitioner filed a post-conviction petition within three years of the date the convictions were set aside, but not within three years of the date of final action on the persistent offender sentence. The Court concluded that

> while the statute of limitations is not unconstitutional on its face, it is unconstitutional as applied in petitioner's case because it denies him due process under the state and federal constitutions.

*Id.* at 205.

In reaching that conclusion, the Court recognized that,

> ... before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.
>
> ....
>
> ... it is possible that under the circumstances of a particular case, application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided.

*Id.* at 208.

In determining what process is due for post-conviction claims, or in other words, what opportunity must be given, the Court used this balancing analysis:

> Identification of the precise dictates of due process requires consideration of both the governmental interests involved and the private interests affected by the official action.... The private interest at stake is a prisoner's opportunity to attack his conviction and incarceration on the grounds that he was deprived of a constitutional right during the conviction process.
>
> The governmental interest represented by the three-year statute of limitations contained in Tenn.Code Ann. § 40–30–102

is the interest in preventing the litigation of stale and groundless claims. The legislative history of the statute reveals that the legislature was concerned about allowing prisoners to assert claims so long after their convictions that witnesses are no longer available, or their memory of the criminal events is affected. In addition, the legislative history demonstrates that the legislature was concerned about the cost to the State of continually allowing prisoners to file usually fruitless post-conviction petitions, including the cost of transportation of prisoners to hearings.

*Id.* at 207.

■ Here, as in *Burford,* the private interest involved is the petitioner's opportunity to attack his conviction on the grounds that he was deprived of his constitutional rights. And, like *Burford,* if his allegations of incompetency prove to be valid, application of the statute of limitations would effectively deprive him of an opportunity to challenge his conviction in a meaningful time and manner. The governmental interest in asserting the statute of limitations is the interest in promoting fairness and finality by preventing the litigation of stale and groundless claims and avoiding piecemeal litigation.

However,

> In criminal litigation, where an alleged infringement of a constitutional right often affects life or liberty, conventional notions of finality associated with civil litigation have less importance, *Sanders v. United States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 1073 [10 L.Ed.2d 148] (1963), and "the fact that a given law or procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution." *I.N.S. v. Chadha,* 462 U.S. 919, 944, 103 S.Ct. 2764, 2781 [77 L.Ed.2d 317] (1983).

*Id.* at 209.

■ The State's insistence that *Burford* is distinguishable because the petitioner in that case suffered "a separate and distinct constitutional injury—namely, deprivation of his fundamental right not to serve an excessive sentence guaranteed under the Eighth Amendment to the federal constitution and Article 1, § 16 of the Tennessee Constitution," is untenable. The nature of the pri-

vate interest at stake does not determine whether to apply a due process analysis, but rather the weight to be given the private interest as against the governmental interest in determining what process is due.

■ Even though the petitioner's interest is not a fundamental right entitled to heightened due process protection, because a petitioner who was incompetent throughout the limitations period would be denied the opportunity to challenge his conviction in a meaningful manner, the failure to toll the limitations period would deny such a petitioner a fair and reasonable opportunity for the bringing of the petition, and thus, would violate due process.

In *People v. Germany,* 674 P.2d 345, 354 (Colo.1983), the court found a statute of limitations for post-conviction petitions violated due process of law under the Fourteenth Amendment and the state constitution because,

> it preclude[d] collateral challenges to the constitutional admissibility of prior convictions in pending criminal prosecutions solely on the basis of a time bar, without providing the defendant an opportunity to show that the failure to assert a timely constitutional challenge was the result of circumstances amounting to justifiable excuse or excusable neglect.

The rationale of the *Germany* case is applicable to this case. If the petitioner was mentally incompetent, and therefore legally incapable, he would be denied any opportunity to assert his constitutional rights in a post-conviction petition, unless the period of limitations was suspended during his mental incompetence. Due process requires that some reasonable opportunity to assert those rights be afforded.

The judgment of the Court of Criminal Appeals is affirmed, and the case is remanded to the trial court for further proceedings on the petition for post-conviction relief.

Costs are adjudged against the appellant.

ANDERSON, C.J., DROWOTA, J., and FONES and HOLDER, Special Justices, concur.