# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

GARY L. SHIRLEY,                              )
                                             )
    Petitioner,                          )  C. C. A. NO. 02C01-9612-CR-00478
                                             )
vs.                                          )  SHELBY COUNTY
                                             )
STATE OF TENNESSEE,                          )  No. P-17619
                                             )
    Respondent.                          )

FILED

January 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

On April 6, 1994, the petitioner entered guilty pleas to one count of first degree murder and two counts of attempted first degree murder.  He was sentenced to life for the murder conviction and twenty-five years each for the attempt convictions, all of which were run concurrently.   No appeal was taken.  On October 16, 1996, the petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel and involuntary guilty pleas.  Finding that the statute of limitations expired, the trial court dismissed the petition without a hearing.

Pursuant to Tennessee Code Annotated section 40-30-202(a) (1997)[1], a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final.  This section further provides that the statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.  Id.  Judgment in this case became final on April 6, 1994, and the petitioner did not file his petition for post-conviction relief until October

---

[1] The petition in this case was filed after the effective date of the 1995 Post-Conviction Procedure Act, and is therefore governed by the provisions found therein.  Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1997).

16, 1996. Accordingly, his petition was barred by the statute of limitations.[2]

The petitioner, however, claims that the application of the one-year statute of limitations in the 1995 Post-Conviction Act violates his right to constitutional due process. The petitioner argues that one year is not enough time in which to collaterally attack his sentence and that he had a vested right to the old three year statute of limitations. Faced with this very issue, a panel of this Court recently found that the one-year statute of limitations, as applied, does not violate the constitutional right to due process. Holston v. State, No. 02C01-9609-CR-00298 (Tenn. Crim. App., July 28, 1997) (citing Burford v. State, 845 S.W.2d 204 (Tenn. 1992)).

Moreover, in Carter v. State, 952 S.W.2d 417 (Tenn. 1997), our supreme court recognized situations in which the new one year statute of limitations would expire before the prior three year statute. The court held that the enabling provision of the Act, which granted persons in these situations until May 10, 1996, in which to file a petition for post-conviction relief, adequately protected the rights of these persons. Id. at 420. The petitioner's claim is without merit.

The petitioner also claims that the statute of limitations should be tolled in this case despite Tennessee Code Annotated section 40-30-202(a). In support of this claim, the petitioner relies upon Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), which held under the old Post-Conviction Procedure that the tolling provision in section 28-1-106 applied to post-conviction cases. Like the court in Holston, however, we do not need to decide whether the new Act properly eliminated all tolling provisions. Because the petitioner alleges that he was mentally incompetent prior to or during the trial, but not during the running of the post-conviction statute of limitations, the petitioner would not benefit from the tolling statute. This claim is also without merit.

---

[2] Because the old three year statute of limitations had not expired on the effective date of the new act, the petitioner had until May 10, 1996, in which to file his petition for post-conviction relief. See Compiler's Notes, T.C.A. § 40-30-201 (1997); Maney v. State, 03C01-9612-CR-00470 (Tenn. Crim. App., Oct. 10, 1997). The petition in this case, however, was filed beyond that date.

We conclude, therefore, that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter.

_____
CURWOOD WITT, JUDGE

_____
JOE B. JONES, PRESIDING JUDGE

_____
JERRY L. SMITH, JUDGE

3