## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION, 1997

| | | |
|---|---|---|
| WALLACE BUTLER, | ) | No. 02C01-9511-CR-00339 |
| Appellant | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. ARTHUR T. BENNETT, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

FILED

July 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

For the Appellant:

**MARK MESLER**
200 Jefferson, Suite 1250
Memphis, TN 38103

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**JANIS L. TURNER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**JENNIFER NICHOLS**
Asst. District Attorney General
Third Floor, Criminal Justice Complex
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Wallace Butler, appeals as of right from the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. The post-conviction court summarily dismissed the petition finding the claims alleged were barred by the statute of limitation.

We affirm.

On February 26, 1985, the appellant pled guilty to robbery with a deadly weapon and was sentenced to forty years as a range II offender. No direct appeal was taken by the appellant from the judgment of conviction. On December 14, 1994, the appellant filed a *pro se* petition seeking post-conviction relief. The appellant's petition raised the claims of (1) involuntary guilty plea, (2) ineffective assistance of counsel, and (3) improper enhancement as a range II offender.[1] The post-conviction court appointed counsel to represent the appellant and to make any necessary amendments to the petition. At a scheduled hearing, appointed counsel conceded the State's defense that the appellant's claim was barred by the statute of limitation. Moreover, appointed counsel stated that, despite diligent efforts, he was unable to find an exception to the three year statute of limitation. The court dismissed the petition as being time-barred.[2]

On appeal, the appellant, relying on Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), suggests that an exception to the three year statute of limitations may apply to this case. In Watkins, the supreme court recognized that the

---

[1]The appellant's *pro se* petition was captioned "Writ of Habeas Corpus." The post-conviction court properly treated the petition as one for post-conviction relief. See Tenn. Code Ann. § 40-30-108 (repealed 1995).

[2]Appointed counsel was permitted to withdraw after dismissal of the petition and substituted counsel was appointed for purposes of appeal.

statute is tolled for a person who is of unsound mind at the time the cause of action accrues. Accordingly, the appellant argues that he "could very well have been laboring under some mental infirmity during the time period when the statute tolled." This argument is misplaced for two reasons: (1) there is no proof in the record before us that the appellant was suffering or has ever suffered from a mental illness and (2) this issue is raised for the first time on appeal and is, therefore, waived. See Rule 36 Tenn. R. App. P. and Butler v. State, 789 S.W.2d 898 (Tenn. 1990).

Additionally, we agree with the post-conviction court's determination that the petition is time-barred. On the date the appellant entered his guilty plea, no statute of limitation for post-conviction proceedings had been enacted. The legislature established a three-year statute of limitations on July 1, 1986. Thus, the appellant had until July 1, 1989, to file any such petition. See Tenn. Code Ann. § 40-30-102 (repealed 1995). The petition was filed on December 14, 1994. Moreover, no exception to the statute of limitation is applicable in the present case.

The judgment of the post-conviction court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
WILLIAM M. BARKER, Judge

3