**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**MAY SESSION, 1999**

FILED

August 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DAVID LEE HUNDLEY,** | ) | **C.C.A. NO. 02C01-9810-CC-00313** |
| | ) | |
| Appellant, | ) | |
| | ) | **WEAKLEY COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. WILLIAM B. ACREE, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**DAVID LEE HUNDLEY,** *pro se*           **JOHN KNOX WALKUP**
Special Needs Facility                Attorney General & Reporter
7575 Cockrill Bend
Industrial Road                       **J. ROSS DYER**
Nashville, TN 37209-1057              Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN 37243

                                      **THOMAS A. THOMAS**
                                      District Attorney General

                                      **JAMES T. CANNON**
                                      Assistant District Attorney General
                                      P.O. Box 218
                                      Union City, TN 38261

OPINION FILED _____

REVERSED AND REMANDED

THOMAS T. WOODALL, JUDGE

# OPINION

On November 2, 1992, Petitioner David Lee Hundley pled guilty to two counts of second degree murder. That same day, the trial court sentenced Petitioner to two consecutive twenty-five year terms in the Tennessee Department of Correction. On May 30, 1997, Petitioner filed a petition for post-conviction relief in which he alleged that he had received ineffective assistance of counsel at the guilty plea hearing. On June 24, 1997, the post-conviction court dismissed the petition because it was not filed within one year of the guilty plea hearing as required by the applicable statute of limitations. Petitioner challenges the dismissal of his petition, raising the following issue: whether the one year statute of limitations that governs the filing of post-conviction petitions was tolled by Petitioner's mental incompetency. After a review of the record, we reverse the judgment of the post-conviction court and we remand this case for further proceedings.

## BACKGROUND

On September 3, 1991, the Weakly County Grand Jury indicted Petitioner David Lee Hundley for two counts of first degree murder, two counts of especially aggravated kidnapping, and one count of possession of a deadly weapon.

On November 4, 1991, the trial court ordered the hospitalization of Petitioner for thirty days in the Middle Tennessee Mental Health Institute ("MTMHI") and ordered an evaluation of Petitioner's competency to stand trial and sanity at the time of the commission of the offenses. Although the actual letter is not in the record, it appears that the staff of the MTMHI notified the trial court by letter dated January 13,

1992, that they had evaluated Petitioner and determined that he was insane at the time of the offenses and he was not competent to stand trial. On February 10, 1992, the trial court issued an order that recommitted Petitioner to the MTMHI for further evaluation. By letter dated April 14, 1992, the staff of the MTMHI notified the trial court that they had evaluated Petitioner and determined that although he was insane at the time of the offenses, his condition had improved and he was competent to stand trial.

On November 2, 1992, Petitioner pled guilty to two counts of second degree murder in return for the State's agreement to dismiss the other charges. That same day, the trial court imposed two consecutive twenty-five year sentences. On August 22, 1995, Petitioner filed a petition for post-conviction relief, claiming that he received ineffective assistance of counsel at the guilty plea hearing. On December 11, 1995, Petitioner filed a motion to dismiss his petition. The post-conviction court granted the motion to dismiss the petition by an order dated January 5, 1996.

On May 30, 1997, Petitioner filed the petition for post-conviction relief at issue in this case. In the petition, Petitioner alleged that when he dismissed his previous petition, he was "psychotic and unable to present anything in a logical orderly fashion, " and was "actively hallucinating, deluding, and was probably suicidal. " In addition, Petitioner alleged that he chose to withdraw his previous petition "because of his serious psychosis at the time." On June 24, 1997, the post-conviction court dismissed the petition without a hearing because it was not filed within one year as required by the statute of limitations.

**ANALYSIS**

Petitioner contends that the post-conviction court erred when it dismissed his petition because it was filed after the applicable one year statute of limitations had expired. Specifically, Petitioner contends that the statute of limitations was tolled by his mental incompetence.

When Petitioner filed his petition on May 30, 1997, the applicable statute of limitations provided that, with certain exceptions not relevant here,

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a) (1997) (effective May 10, 1995).

Initially, Petitioner contends that his mental incompetency tolled this statute of limitations pursuant to Tennessee Code Annotated section 28-1-106, which states,

> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn. Code Ann. § 28-1-106 (1980). However, as this Court has previously stated, the express language of section 40-30-202 precludes the application of the saving provision of section 28-1-106 to the post-conviction statute of limitations. See John

Paul Seals v. State, No. 03C01-9802-CC-00050, 1999 WL 2833, at *2 (Tenn. Crim. App., Knoxville, Jan. 6, 1999), perm. to appeal granted, (Tenn. 1999); Vikki Lynn Spellman v. State, No. 02C01-9801-CC-00036, 1998 WL 517840, at *1 (Tenn. Crim. App., Jackson, Aug. 21, 1998), perm. to appeal granted, (Tenn. 1999). Thus, section 28-1-106 has no application in this case.

Petitioner also contends that his mental incompetency tolled the statutes of limitations under Watkins v. State, 903 S.W.2d 302 (Tenn. 1995). In Watkins, the Tennessee Supreme Court addressed the previous post-conviction statute, which contained a three year statute of limitations and did not contain an "anti-tolling" provision. See Tenn. Code Ann. §§ 40-30-101 to -124 (1990). The supreme court held that even in the absence of the saving provision of section 28-1-106, principles of constitutional due process would be offended by application of the statute of limitations in the case of mental incompetence. Watkins, 903 S.W.2d at 305-06. The supreme court stated that if the petitioner's "allegations of incompetency prove to be valid, application of the statute of limitations would effectively deprive him of an opportunity to challenge his conviction in a meaningful time and manner." Id. at 306.

The State contends that Watkins is no longer applicable because it was based on the previous post-conviction statute and the Legislature included an "anti-tolling" provision in section 40-30-202(a) when it enacted the statute in 1995. However, as previously stated by this Court, section 40-30-202(a) "may not eliminate a constitutionally required tolling provision." Vikki Lynn Spellman, 1998 WL 517840, at *2. See also John Paul Seals, 1999 WL 2833, at *2. Thus, Petitioner is correct that mental incompetency acts to toll the statute of limitations.

We note that Petitioner did not specifically allege in his petition that he was incompetent for the entire period from the effective date of section 40-30-202(a) on May 10, 1995, until he filed the petition at issue in this case on May 30, 1997. If Petitioner was competent for one year during this time period, the statute of limitations expired prior to his filing on May 30, 1997. Thus, even on the face of the petition, Petitioner did not sufficiently allege facts that would show that the filing was timely. However, this Court held in Vikki Lynn Spellman that even though the petition in that case did not allege facts sufficient to toll the statute of limitations, other facts in the record were sufficient to justify remanding the case for a determination of whether the statute of limitations had been tolled by the petitioner's mental incompetency. 1998 WL 517840, at *3-4. We conclude that this case presents a similar situation that requires remand.

The record indicates that on November 4, 1991, the trial court ordered the hospitalization of Petitioner in the MTMHI and ordered an evaluation of Petitioner's competency to stand trial and sanity at the time of the commission of the offenses. On January 13, 1992, the MTMHI staff informed the trial court that their evaluation indicated that Petitioner was insane at the time of the offenses and he was not competent to stand trial. On February 10, 1992, the trial court issued an order that recommitted Petitioner to the MTMHI for further evaluation. On April 14, 1992, the MTMHI staff informed the trial court that they had evaluated Petitioner and determined that although he was insane at the time of the offenses, his condition had improved and he was competent to stand trial. On October 26, 1992, the trial court ordered the MTMHI staff to supervise Petitioner on a weekly basis, monitor his medication, evaluate his competency to stand trial, and report back to the court. On October 9, 1995, the post-conviction court issued an order that stated that because

-6-

there was a question about Petitioner's competency to participate in the prosecution of his first petition, Petitioner should be evaluated to determine his mental competency. Unfortunately, the record does not contain the results of this evaluation.

Although the petition in this case does not allege facts sufficient to warrant a tolling of the statute of limitations, the record does contain evidence of prior mental health problems that warrants further findings of the post-conviction court in order to determine whether appropriate grounds exist for the tolling of the statute of limitations under the due process rationale of <u>Watkins</u>. However, we note that although Petitioner has surpassed the threshold for avoiding summary dismissal of his petition, he has not proven his claim and the burden remains on him to establish that he was mentally incompetent during the relevant time period. <u>See</u> <u>John Paul Seals</u>, 1999 WL 2833, at *4.

Upon remand, the post-conviction court should appoint counsel to represent Petitioner and should determine whether the statute of limitations was tolled by mental incompetency. The one year statute of limitations became effective on May 10, 1995, and Petitioner filed his petition on May 30, 1997. If Petitioner was competent for one year between May 10, 1995, and May 30, 1997, the statute of limitations expired and the petition is untimely. If Petitioner was not competent for one year between May 10, 1995, and May 30, 1997, the petition was timely and the court should address the merits of Petitioner's claims.

We note that the statute of limitations can be tolled only during periods of incompetency. Thus, the one year of competency could consist of one continuous

period or it could consist of two or more periods of competency that are equal to one year when added together. For instance, if a petitioner is competent for the initial ten month period of the statute of limitations and then is incompetent for three months, he or she would have only two months following a return of competency in which to file a petition.

For the reasons stated above, we vacate the judgment of the post-conviction court and we remand this case for appointment of counsel and for further proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOE G. RILEY, Judge