# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1999

FILED

Ocotber 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CURTIS WATKINS,** | ) | **C.C.A. NO.** 02C01-9808-CR-00236 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. CAROLYN WADE BLACKETT,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction)** |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:      FOR THE APPELLEE:

DANIEL SEWARD
200 Jefferson Avenue, Suite 210
Memphis, TN 38103

PAUL G. SUMMERS
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM GIBBONS
District Attorney General

JANET SHIPMAN
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

ORDER FILED _____

**AFFIRMED PURSUANT TO RULE 20**

**JERRY L. SMITH, JUDGE**

# ORDER

The Petitioner, Curtis Watkins, appeals the order of the Shelby County Criminal Court denying his petition for post-conviction relief. The Petitioner pled guilty to aggravated rape in 1981 and received a sentence of twenty (20) years. In 1992, he filed the present petition alleging that, (1) his guilty plea was involuntary because he was not advised of his right against self-incrimination, and (2) that he received ineffective assistance of counsel.[1] The trial court denied the petition after an evidentiary hearing. After a thorough review of the record before this Court, we affirm the trial court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

The Petitioner argues that his guilty plea in 1981[2] was involuntary because he was not advised of his right against self-incrimination. However, at the post-conviction hearing, the Petitioner acknowledged on several occasions that he was, in fact, advised that he had a right not to testify at trial. The transcript of the guilty plea hearing corroborates this testimony. Thus, there is no factual basis for the Petitioner's claim in this regard.

---

[1] The Petitioner filed a prior petition in 1984, which was dismissed without a hearing in 1985. After the Petitioner filed his second petition in 1992, the trial court dismissed the petition on the basis that it was barred by the statute of limitations. The Petitioner appealed, claiming that he was unable to proceed with his original petition due to mental incompetence. This Court held that "mental incompetence tolls the limiting effect of T.C.A. § 40-30-102 in cases where the disability existed when the statute began to run." Curtis Watkins v. State, C.C.A. 02C01-9209-CR-00212, 1993 Tenn. Crim. App. LEXIS 746, at *2, Shelby County (Tenn. Crim. App. filed November 3, 1993), aff'd Watkins v. State, 903 S.W.2d 302 (Tenn. 1995). The case was remanded to the trial court for an evidentiary hearing to determine when the petitioner regained competence. In lieu of such a hearing, the parties agreed to proceed with a determination of the petition on its merits.

[2] The Petitioner testified at the post-conviction hearing that he completed his sentence for the crime of aggravated rape in 1995.

The Petitioner maintains that he received ineffective assistance of counsel due to trial counsel's failure to secure scientific blood tests to negate the state's theory that he raped the victim. Trial counsel testified at the post-conviction hearing that the forensics report indicated that no sperm or other physical evidence was found, and as a result, a blood test would not have been fruitful.

Additionally, the Petitioner contends that trial counsel was ineffective for failing to pursue an alibi defense. The Petitioner testified at the post-conviction hearing that, at the time the crime was committed, he was with his sister. However, trial counsel subpoenaed the petitioner's sister to testify at trial, and the petitioner conceded that his sister was present in the courtroom on the day of his guilty plea. According to trial counsel, the Petitioner pled guilty on the day the case was set for trial and therefore, the testimony of Petitioner's sister was not necessary.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Petitioner has the burden to demonstrate that (1) his attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the Defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. Under Hill, a petitioner is required to show that there is a reasonable probability that, but for counsel's errors, he would not have

pled guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

The trial court found that the Petitioner had not demonstrated that his attorney was deficient under the standards of <u>Baxter</u> and <u>Strickland</u>. The court also found that the Petitioner was fully advised of his right against self-incrimination. The record fully supports the trial court's findings. Accordingly, we affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. Costs of the appeal will be paid by the State of Tennessee as it appears that the Petitioner is indigent.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE