# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER SESSION, 1999

FILED

January 3, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DAVID CHARLES HAFT,** | ) | **C.C.A. NO. 03C01-9905-CR-00181** |
| | ) | |
| Appellant, | ) | |
| | ) | **HAMILTON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. DOUGLAS A. MEYER** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**DAVID CHARLES HAFT,** *pro se*          **PAUL G. SUMMERS**
STSRCF, Unit 13                          Attorney General & Reporter
Route 4, Box 600
Pikeville, TN  37367                     **MICHAEL J. FAHEY, II**
                                         Assistant Attorney General
                                         2nd Floor, Cordell Hull Building
                                         425 Fifth Avenue North
                                         Nashville, TN  37243

                                         **WILLIAM H. COX, III**
                                         District Attorney General
                                         600 Market Street, Suite 310
                                         Chattanooga, TN  37402

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# **OPINION**

On January 23, 1991, Petitioner David Charles Haft was convicted of first degree murder and attempted first degree murder. The trial court subsequently imposed sentences of life and twenty years, respectively. On October 30, 1998, Petitioner filed a petition for post-conviction relief, or in the alternative, a motion to reopen a previous petition. On March 23, 1999, the post-conviction court summarily dismissed the petition and denied the motion to reopen. Petitioner challenges the dismissal of his petition and the denial of his motion to reopen, raising the following issues:

> 1) whether the post-conviction court erred when it summarily dismissed the petition and denied the motion to reopen without conducting an evidentiary hearing and making findings of fact and conclusions of law; and

> 2) whether Petitioner's mental incompetency excused any noncompliance with the requirements of the Post-Conviction Procedure Act.

After a review of the record, we affirm the post-conviction court's dismissal of the petition and denial of the motion to reopen.

## I. BACKGROUND

After he was convicted and sentenced in 1991, Petitioner challenged his convictions on direct appeal. This Court subsequently affirmed his convictions in David Charles Haft v. State, No. 03C01-9108-CR-00254, 1992 WL 84222 (Tenn. Crim. App., Knoxville, April 28, 1992), perm. to appeal denied, (Tenn. 1992).

Petitioner filed a pro se petition for post conviction relief on April 19, 1993. Counsel was subsequently appointed and an amended petition was filed on August

30, 1993. The petition, as amended, asserted that Petitioner was denied effective assistance of counsel. After a full hearing on the issues raised in the petition, the post-conviction court dismissed the petition. This Court affirmed the dismissal of the petition in David Charles Haft v. State, No. 03C01-9411-CR-00400, 1995 WL 262117 (Tenn. Crim. App., Knoxville, May 5, 1995), perm. to appeal denied, (Tenn. 1995).

Petitioner filed the petition and/or motion to reopen at issue in this case on October 30, 1998, complaining of numerous alleged errors relating to assistance of counsel, the indictment, the selection of the grand jurors, the conduct of the prosecutor, the introduction of certain evidence, and the jury instructions. In addition, Petitioner alleged that he had failed to raise these claims earlier because he had been, and remains, mentally incompetent. The post-conviction court summarily dismissed the petition and/or motion on March 23, 1999. The post-conviction court found that the petition was subject to summary dismissal pursuant to Tennessee Code Annotated section 40-30-202(c) because Petitioner had already filed a previous petition that was resolved on the merits. The post-conviction court also found that Petitioner had failed to meet the requirements of Tennessee Code Annotated section 40-30-217 for reopening the previous petition.

## II. SUMMARY DISMISSAL AND DENIAL

Petitioner contends that the post-conviction court erred when it dismissed his petition and denied his motion to reopen without conducting an evidentiary hearing and making findings of fact and conclusions of law in regard to each claim for relief.

## A.

Tennessee Code Annotated section 40-30-202(c) provides:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-217.

Tenn. Code Ann. § 40-30-202(c) (1997).

Because Petitioner's first post-conviction petition was resolved on the merits after a full evidentiary hearing, the second petition at issue in this case was clearly subject to summary dismissal pursuant to the express terms of the above statute. Petitioner is not entitled to relief on this issue.

## B.

Tennessee Code Annotated section 40-30-217 provides that a motion to reopen a post-conviction petition shall be granted only if:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
> (2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid . . . .

Tenn. Code Ann. § 40-30-217(a) (1997). In addition, the statute requires that the facts underlying the claim, if true, must establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced. Tenn. Code Ann. § 40-30-217(a)(4) (1997).

We have carefully examined the petition and/or motion to reopen at issue in this case, and we find no facts tending to establish one of the three grounds recited above which would permit reopening the previous petition. Thus, we cannot conclude that the post-conviction court abused its discretion by denying the motion to reopen. Petitioner is not entitled to relief on this issue.

### III. ALLEGED MENTAL INCOMPETENCY

Petitioner alleges that he has been mentally incompetent since before his trial. Petitioner contends that this alleged mental incompetency excused any noncompliance with the requirements of Tennessee Code Annotated sections 40-30-202(c) and 40-30-217 cited above.

In support of his argument, Petitioner cites Watkins v. State, 903 S.W.2d 302 (Tenn. 1995); John Paul Seals v. State, No. 03C01-9802-CC-00050, 1999 WL 2833 (Tenn. Crim. App., Knoxville, Jan. 6, 1999), perm. to appeal granted, (Tenn. 1999); and Vikki Lynn Spellman v. State, No. 02C01-9801-CC-00036, 1998 WL 517840 (Tenn. Crim. App., Jackson, Aug. 21, 1998), perm. to appeal granted, (Tenn. 1999). In all three of these cases, the appellate court held that mental incompetency tolls the statute of limitations that governs the filing of post-conviction petitions. See Watkins, 903 S.W.2d at 306; John Paul Seals, 1999 WL 2833, at *2; Vikki Lynn

Spellman, 1998 WL 517840, at *2. Essentially, Petitioner argues that under these three cases, mental incompetency excuses all noncompliance with the requirements of the Post-Conviction Procedure Act.

In the three cases cited above, the petitioner filed a post-conviction petition that was dismissed without a hearing or a consideration of the merits, the petitioner then filed a second petition alleging that he or she was mentally incompetent when the first petition was filed, the post-conviction court summarily dismissed the second petition because it was filed after the statute of limitations expired, and the appellate court held that due process required a tolling of the statute of limitations because of mentally incompetency. Watkins, 903 S.W.2d at 303, 305–07; John Paul Seals, 1999 WL 2833, at *1–2; Vikki Lynn Spellman, 1998 WL 517840, at *1–2.

We do not agree with Petitioner that these three cases stand for the general proposition that mental incompetency excuses all noncompliance with the requirements of the Post-Conviction Procedure Act. Rather, these cases only stand for the limited proposition that mental incompetency tolls the statute of limitations because otherwise, the petitioner would not have a reasonable opportunity to challenge his or her conviction if a petition was barred by the statute of limitations. Indeed, this Court specifically noted in John Paul Seals that dismissal of the second petition in that case would have been proper under section 40-30-202(c) if the first petition had been resolved on the merits. 1999 WL 2833, at *4.

In this case, Petitioner's second petition was summarily dismissed because he had already filed a previous petition that was resolved on the merits after a full evidentiary hearing, not because it was barred by the statute of limitations.

Therefore, this is not a case where dismissal of the petition and denial of the motion to reopen would deny Petitioner a reasonable opportunity to challenge his or her conviction. Moreover, we note that in the three cases cited above, the State either conceded that the petitioner was incompetent, <u>Watkins</u>, 903 S.W.2d at 303, or there was independent indicia of incompetence in the record, <u>John Paul Seals</u>, 1999 WL 2833, at *2–3; <u>Vikki Lynn Spellman</u>, 1998 WL 517840, at *3. In contrast, Petitioner's conclusory allegations of mental incompetence are not supported by any independent indicia of incompetence contained in the record.

Because Petitioner had previously filed a petition that was resolved on the merits after a full evidentiary hearing, we conclude that the post-conviction court properly dismissed the petition pursuant to section 40-30-202(c). Petitioner is not entitled to relief on this issue.

## IV. CONCLUSION

Because Petitioner had previously filed a post-conviction petition that was resolved on the merits, we affirm the post-conviction court's dismissal of the petition in this case pursuant to section 40-30-202(c). Because requirements of section 40-30-217 for reopening the previous petition have not been satisfied, we affirm the post-conviction court's denial of the motion to reopen.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____

JOSEPH M. TIPTON, Judge


_____

JERRY L. SMITH, Judge