# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1998 SESSION

FILED

January 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JOHN PAUL SEALS,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9802-CC-00050 |
| | ) | |
| vs. | ) | Hamblen County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. James E. Beckner, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

**JOHN PAUL SEALS**
Pro Se
RMSI, Unit 4, B-108
7475 Cockrill Bend Ind. Rd.
Nashville, TN 37209-1010

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**C. BERKELEY BELL, JR.**
District Attorney General
109 S. Main St., Ste. 501
Greeneville, TN 37743

OPINION FILED:_____

**REVERSED & REMANDED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The petitioner, John Paul Seals, appeals the Hamblen County Criminal Court's summary dismissal of his petition for post-conviction relief. Seals pleaded guilty to first degree murder on December 12, 1988, thereby avoiding the death penalty and gaining a life sentence. On February 25, 1994, he filed a *pro se* petition for writ of habeas corpus, or in the alternative, post-conviction relief. John Paul Seals v. State, No. 03C01-9409-CR-00319 (Tenn. Crim. App., Knoxville, Feb. 22, 1995), perm app. denied (Tenn. 1995). That petition was dismissed in the trial court as barred by the statute of limitations, a decision which we affirmed and the supreme court declined to review. John Paul Seals, slip op. at 2. On January 7, 1998, Seals, along with a "next friend,"[1] filed the present petition alleging several constitutional claims. Seals alleged that his claims should not be barred by the statute of limitations because of his continuous mental incompetence predating the commission of the conviction offense. He also alleged that his claims were not waived or previously determined by his first petition because that petition was filed by someone other than himself. In a summary order, the trial court found that the present petition was barred by the statute of limitations and that a post-conviction petition had been previously presented and determined. Having reviewed the record and the briefs of the parties, we find that the petition should not have been summarily dismissed, and we reverse and remand for further proceedings thereon.

In his petition, Seals raises numerous allegations of defects in the proceedings which culminated in his conviction. The allegations are detailed, and for the most part, supported by specific factual assertions. Seals requests the appointment of counsel to assist him in presenting his claims to the trial court.

The lower court dismissed the petition at the preliminary stage. See Tenn. Code Ann. § 40-30-206(a)-(f) (1997). At this juncture, it is the office of the trial court to assume the veracity of

---

[1]See Tenn. R. Civ. P. 17.03 (incompetent person proceeding through next friend). But see R. Sup. Ct. 28, § 3(B) (Rules of Civil Procedure generally not applicable to post-conviction proceedings).

the petition in order to determine whether a colorable claim is stated; the court is to refrain from examining and adjudicating the factual merits of the allegations. See Tenn. Code Ann. § 40-30-206(f) (1997); Tenn. R. Sup. Ct. 28, § 6(B)(2).

# I

The first question presented is whether, under the Post-Conviction Procedure Act of 1995, mental incompetence tolls the statute of limitations. The Act provides a one-year statue of limitations.[2] Tenn. Code Ann. § 40-30-202(a) (1997). Limited exceptions are prescribed; however, no exception addresses the effect of mental incompetence on the limitations period. See Tenn. Code Ann. § 40-30-202(b) (1997). The Act further provides, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-202(a) (1997).

These provisions notwithstanding, Seals argues that Watkins v. State, 903 S.W.2d 302 (1995), provides relief from the statute of limitations in the case of mental incompetency. Watkins arose under the previous post-conviction statute, which contained a three-year statute of limitations

---

[2]The entire provision related to the statute of limitations provides:

(a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a) (1997).

and no "anti-tolling" provision. See generally Tenn. Code Ann. § 40-30-101 to -124 (1990) (repealed 1995). In Watkins, our state's highest court held that the saving statute found at Code section 28-1-106 operated to toll the statute of limitations where the post-conviction petitioner was "at the time the cause of action accrued . . . of unsound mind . . . ." Watkins, 903 S.W.2d at 304-05 (quoting Tenn. Code Ann. § 28-1-106 (1980)).

More significantly for the petitioner at bar, the Watkins court's analysis did not end there. It went on to hold that even in the absence of the savings statute, due process would be offended by application of the statute of limitations in the case of mental incompetence. Watkins, 903 S.W.2d at 305-06. In so holding, the court employed the principles of Burford v. State, 845 S.W.2d 204 (Tenn. 1992), and found that the petitioner's private interest in mounting a constitutional attack to his conviction outweighed the governmental interest in promoting fairness and finality. Watkins, 903 S.W.2d at 306-07. Put another way, the state's application of the statute of limitations to a post-conviction petitioner who was mentally incompetent throughout the limitations period denied him "a fair and reasonable opportunity" to present his claim. Watkins, 903 S.W.2d at 307. Accordingly, due process required that such a petitioner be afforded a reasonable opportunity to assert his claim.

Under the 1995 Act, the "anti-tolling" provision defeats the operation of the savings statute. See Tenn. Code Ann. § 40-30-202(a) (1997) ("anti-tolling"); Tenn. Code Ann. § 28-1-106 (1980) (savings). However, the "anti-tolling" provision has no operation against constitutional principles. Vikki Lynn Spellman v. State, No. 02C01-9801-CC-00036, slip op. at 4 (Tenn. Crim. App., Jackson, Aug. 21, 1998), pet. for perm. app. filed (Tenn. Oct. 21, 1998). Thus, the portion of the Watkins holding which recognizes a due process right to tolling of the statute of limitations remains viable in the face of the Post-Conviction Procedure Act of 1995. Vikki Lynn Spellman, slip op. at 4. Accordingly, Seals's petition must be evaluated consistently with the holding of Watkins.

The petition alleges that Seals "has never been competent in this cause to raise any

4

of his claims for relief, nor was petitioner psychologically sound at the time of his conviction and sentence." The petition further alleges that he suffers from "psychological and neurological brain damage" and has a history of mental illness in his family which is documented by the records of the Cherokee Mental Health Center. The petition also alleges Seals has sustained numerous head injuries, has a childhood history of abusing inhalants, experiences "radical mood and delusional disorders, extreme depression, loss of memory . . . inability to recall even recent events, displays poor judgment, and has difficulty with thinking abstractly." The petition further alleges that Seals's trial counsel submitted a sworn motion for mental evaluation of Seals in which counsel alleged that Seals did not appear to understand the seriousness of the charged crime, the possible penalty, and the wrongfulness and severity of his alleged conduct. Further, counsel alleged that Seals "appears . . . to be different persons, in his thought process at different points in time."[3]

The trial court's initial review of the petition was pursuant to Code section 40-30-206, which provides that the trial court shall consider the factual allegations to be true in determining whether the petition shall be dismissed. See Tenn. Code Ann. § 40-30-206(f) (1997). Contrary to the argument of the state that Seals's claim was properly dismissed because he offered no proof other than his own "unsupported assertions," the petitioner is not to be disbelieved simply because he has offered no evidence other than his own allegations at this preliminary stage of the pleadings.[4] Of course, the petitioner is required to make a "full disclosure of the factual basis" of the grounds for relief, and the lower court must examine the allegations of fact prior to the presentation of proof at a hearing. Tenn. Code Ann.§ 40-30-206(d), (f) (1997). However, a petitioner cannot be expected to

_____

[3]A copy of the motion is attached to the petition as an exhibit. Its content is as alleged in the petition. Neither the record of this appeal nor the appellate record of Seals's prior post-conviction action reveal whether this motion was ever ruled upon. Seals alleges, however, that trial counsel "took no further action to have petitioner properly evaluated."

[4]Furthermore, the state's assertion is incorrect. As discussed above, Seals attached an exhibit which corroborated his allegation that his trial counsel sought a mental evaluation due to counsel's concerns about Seals's mental competency.

present proof prior to being given the opportunity to do so.

In this case, Seals has alleged facts, which if taken as true, establish that the statute of limitations should not be applied to bar his petition. He claims he has been mentally incompetent for the entire period during which the statute of limitations otherwise would have provided for bringing his claim. He has alleged specific mental conditions which he says have rendered him mentally incompetent. Although this is arguably a close case with respect to the sufficiency of the allegations, we hold that as a matter of preliminary consideration, Seals's allegations are sufficient to save his petition from summary dismissal based upon untimeliness. See Vikki Lynn Spellman, slip op. at 6 (remand for further findings on tolling of statute of limitations appropriate because petitioner made more than "mere conclusory allegations of incompetence").

We take this opportunity to note that due to the nature of a claim of mental incompetency, a post-conviction petitioner seeking relief from the statute of limitations bears a heavy initial burden in stating "a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." See Tenn. Code Ann. § 40-30-206(d) (1997). The petitioner in the case at bar, like the petitioners in Watkins and Vikki Lynn Spellman, alleged in his otherwise untimely post-conviction petition not only specific symptoms of mental incompetence but also pre-existing events or circumstances that serve as independent indicia of incompetence. In Watkins, the state "acknowledged that the first petition was dismissed without prejudice because the petitioner was mentally incompetent," and moreover, Watkins had been continuously serving his Department of Correction sentence as an inmate in the Department's Lois M. DeBerry Special Needs Facility. Watkins, 903 S.W.2d at 302. In Vikki Lynn Spellman, a pretrial mental evaluation had been ordered, and although the evaluation report deemed Spellman competent to stand trial and opined that an insanity defense could not be supported, "it recommended 'outpatient supportive counseling'" at the local mental health center. Vikki Lynn Spellman, slip op. at 5. Additionally, and significantly, Spellman had been placed for treatment in the DeBerry facility by the

6

Department before her first post-conviction petition was filed. Vikki Lynn Spellman, slip op. at 5. In the present case, trial counsel filed a pretrial motion for a mental evaluation. The petition alleges that the petitioner and/or his family has a documented treatment history at the local mental health center. These allegations of pre-existing indicia of mental incompetence are buttressed in the petition by specifically articulated allegations of mental illness.

Furthermore, we recognize that the state may ultimately prevail on its statute of limitations argument. Seals has surpassed the threshold for summary dismissal; he has not proven his claim. The burden remains on him to establish that he was mentally incompetent as alleged in his petition. On remand, the trial court shall afford the petitioner and the state the opportunity to present evidence on the petitioner's mental capacity *as it relates to the statute of limitations*. If the petitioner carries his burden of proving facts which require tolling the statute of limitations due to mental incompetence, then the trial court shall proceed to the merits of the constitutional issues presented in the petition. On the other hand, if the petitioner does not carry his burden of proving mental incompetence as regards the statute of limitations, the trial court shall dismiss the petition as untimely. Accord Curtis Watkins v. State, No. 02C01-9209-CR-00212 (Tenn. Crim. App., Jackson, Nov. 3, 1993) (opinion on petition for rehearing) (post-conviction petition remanded for determination of petitioner's competence during limitations period), aff'd, 903 S.W.2d 302 (1995).

## II

The second question is whether the trial court's dismissal was nevertheless proper because the petition was not Seals's first.[5]

_____

[5]Seals alleges he should not be bound by his first petition because it was filed by someone other than himself. However, as discussed above, we believe a better rationale for overcoming the "one petition bar" is found in the language of the statute itself.

7

The Post-Conviction Procedure Act of 1995

> contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved *on the merits* by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.[6]

Tenn. Code Ann. § 40-30-202(c) (1997) (emphasis added).

In Seals's previous post-conviction proceeding, his petition was dismissed based upon the statute of limitations. See generally John Paul Seals. Thus, the first petition was not "resolved on the merits." In this situation, section 40-30-202(c) does not mandate that the instant petition be summarily dismissed. See Vikki Lynn Spellman (petitioner allowed further proceedings on second petition for post-conviction relief where she alleged first petition was withdrawn because of her psychological condition); cf., e.g., Robert Lee Taylor v. State, No. 02C01-9805-CC-00161 (Tenn. Crim. App., Jackson, Aug. 12, 1998) (Rule 20 order dismissing post-conviction petition under § 40-30-202(c) because previous petition had been determined "on the merits"). The trial court should not have dismissed the petition based upon Code section 40-30-202(c).

The trial court's dismissal of Seals's petition is reversed. The matter is remanded to the trial court for the appointment of counsel and for further proceedings consistent with this opinion.[7]

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[6]The Act does provide for reopening of a previously filed petition in certain circumstances, none of which afford relief to the petitioner before us. See Tenn. Code Ann. § 40-30-217 (1997).

[7]In a motion to remand filed in this court and in supplemental briefing, Seals has raised additional legal and factual allegations challenging the firmness of his conviction. None of these allegations address the statute of limitations and previous determination issues presented in this appeal. Therefore, we express no opinion other than that consideration of these allegations is necessary only if (1) the petition is determined to be timely and (2) the allegations are properly presented to the trial court in colorable form.

CONCUR:

_____
DAVID H. WELLES, JUDGE


_____
L.T. LAFFERTY, SPECIAL JUDGE