IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION



FILED

October 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk



| | | |
|---|---|---|
| ALVIN L. SMITH, | ) | |
| | ) | C.C.A. No. 01C01-9808-CC-00343 |
| Appellant, | ) | |
| | ) | Lincoln County |
| v. | ) | |
| | ) | Honorable Charles Lee, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

JULIE A. MARTIN
P. O. Box 426
Knoxville, TN  37901-0426
(On Appeal)

DONNA L. HARGROVE
District Public Defender

ANDREW J. DEARING, III
Assistant Public Defender
105 South Main Street
P. O. Box 1119
Fayetteville, TN  37334-1119
(At Trial)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

WILLIAM MICHAEL McCOWN
District Attorney General

WEAKLEY E. BARNARD
Assistant District Attorney General
215 East College Street
P. O. Box 878
Fayetteville, TN  37334-0878

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

**O P I N I O N**

On September 16, 1987, a Lincoln County jury convicted the petitioner, Alvin L. Smith of aggravated rape, aggravated kidnapping, armed robbery with a deadly weapon, and perpetration of a crime against nature. This Court affirmed the petitioner's conviction and modified his sentence on August 22, 1989. The Tennessee Supreme Court denied permission to appeal on November 6, 1989. The petitioner filed a petition for post-conviction relief on March 9, 1998. On June 23, 1998, the trial court dismissed the petition for failure to file within the statute of limitations. The petitioner appeals this decision, claiming the statue of limitations was tolled because he was not legally competent for any meaningful period from November 6, 1989 to March 9, 1998. Based on our review of this matter, we affirm the decision of the trial court.

In 1995, the legislature repealed the entire 1989 Post-Conviction Procedure Act and adopted a new comprehensive act. The 1995 Post-Conviction Procedure Act provides that a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final. The one-year statute of limitations "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-202(a) (1997). The 1995 Act gave petitioners, whose three-year statute of limitations under the 1989 Act had not already expired, one year from the effective date of the Act, May 10, 1995, in which to file a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-201 compiler's notes (1997).

In Vikki Lynn Spellman v. State, No. 02C01-9801-CC-00036, 1998 WL 517840 (Tenn. Crim. App., Jackson, Aug. 21, 1998), perm. app. granted (Tenn. 1999), this Court ruled that the Legislature intended to eliminate all tolling provisions applicable to post-conviction relief proceedings by its enactment of Tenn. Code Ann. § 40-30-202(a) as a part of the 1995 Act. Vikki Lynn Spellman, 1998 WL 517840, at *2. However, we further held that the Legislature cannot eliminate constitutionally required tolling through legislative

2

action. Id. at *2.  Thus, the statute of limitations will be tolled where a petitioner can show that he or she has been deprived of the constitutional right to due process due to the petitioner's incompetence.  Watkins v. State, 903 S.W.2d 302, 302-06 (Tenn. 1995); David Lee Hundley v. State, No. 02C01-9810-CC00313, slip op. at 5-6, (Tenn. Crim. App., Jackson, Aug. 26, 1999); John Paul Seals v. State, No. 03C01-9802-CC-00050, 1999 WL 2833, at *2 (Tenn. Crim. App., Knoxville, Jan. 6, 1999), perm. app. granted, (Tenn. 1999); Vikki Lynn Spellman, 1998 WL 517840, at *2.

In Vikki Lynn Spellman and the cases that followed, we have reversed and remanded for appointment of counsel and a hearing to address the question of competency during the appropriate period.  See David Lee Hundley, slip op. at 7-8; John Paul Seals, 1999 WL 2833, at *4; Vikki Lynn Spellman, 1998 WL 517840, at *3-4.  In the case *sub judice*, such a remand is not necessary because the petitioner was represented by counsel and because the trial court held a hearing to address the petitioner's claim of incompetency.  All we must decide is whether the trial court's dismissal of the petition was proper based on the evidence presented.

When the trial court follows the correct legal principle, its findings of fact are conclusive on appeal unless the evidence preponderates against the judgment.  Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).  Accordingly, we are bound to affirm the judgment unless the evidence in the record preponderates against the findings of the trial court.  Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).  The burden of establishing that the evidence preponderates against the trial court's findings is on the petitioner.  Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

Here, the petitioner claims that to require him to prove a continuous state of incompetency from 1989 to the filing of the petition in 1998, or to require him to prove "each and every period of competence and incompetence between 1989 and 1998," would deprive him of a reasonable opportunity to litigate his post-conviction claim.  However, it is the petitioner's burden to show the statue of limitations has not expired.  For this reason,

the trial court did not err by requiring that the petitioner provide evidence of his incompetence from 1989 to the filing of the petition.

If the petitioner was competent for a total of three years from November 6, 1989 to May 9, 1995, the three-year statue of limitations of the 1989 Act expired; and the petition was not timely filed. If he was not competent for a total of three years prior to May 10, 1995, the subsequent one-year statute of limitations then applied. If that new one-year statute of limitations applied and the petitioner was competent for a total of one year between May 10, 1995 and the filing of the petition on March 9, 1998, the petition was not timely filed. The petitioner succeeds in his claim that the statue of limitations did not expire only if he was not competent for a total of three years from November 6, 1989 to May 9, 1995 *and* he was not competent for a total of one year from May 10, 1995 to March 9, 1998. The trial court found this not to be the case. For this Court to reverse the decision of the trial court, the petitioner must now show the evidence presented at the hearing preponderates against this finding.

Two witnesses testified at the hearing. Dr. Jan Allen Mayer testified for the petitioner. Dr. Mayer was his treating psychiatrist at the DeBerry Special Needs Facility. Dr. Mayer stated the petitioner was admitted to the facility in 1989 because of "some identified psychiatric problem." Admission to DeBerry for a psychiatric problem, however, did not necessarily mean the petitioner was incompetent. Dr. Mayer stated he could address the petitioner's competency only for the period that the petitioner was his patient. This period was approximately one year before the filing of the petition on March 9, 1998. During this year, the petitioner was competent only for eight to twelve weeks prior to the hearing. From 1992 to the time Dr. Mayer began treating the petitioner, no competency evaluation was conducted. Dr. Mayer stated there was no way to determine competency in the past from reviewing the petitioner's medical records. Dr. Mayer could not say the petitioner was incompetent from 1992 until he began treating him. Dr. Mayer testified that he could not say with certainty why the petitioner was admitted to the DeBerry facility in 1989, but that it would have been for some "identified psychiatric problem because that

4

was the purpose for the facility." However, he also stated that a person could have a psychiatric problem and still be competent.

The petitioner testified he was in the general prison population for one and one-half to three years during the first three to four years of his incarceration. He was housed at DeBerry at all other times. He first began thinking of filing a petition around 1991 or 1992. He read legal books and talked to other prisoners. He spoke to his doctors and his family about filing a petition, but he said they told him he could not file a petition until he was competent. He has been on and off medication throughout his stay at DeBerry. At the time of the hearing he was taking lithium, tranquilizers, and anti-depressants.

The trial court found that although the petitioner's incarceration in DeBerry "raised suspicions in the court's mind" regarding his competency, admission to DeBerry did not in and of itself prove he was incompetent. After considering all testimony presented, the court found that the petition was not timely filed because the petitioner did not meet his burden of showing the statute of limitations was tolled due to incompetence. We cannot say the evidence preponderates against this finding, therefore, we must affirm the decision of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE

5