# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## FEBRUARY 2000 SESSION



FILED

March 14, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| **RUDY WENDELL MYERS,** | ) | C.C.A. No. M1999-00498-CCA-R3-PC |
| Appellant, | ) |  |
|  | ) | Franklin County |
| vs. | ) |  |
|  | ) | Hon. J. Curtis Smith, Judge |
|  | ) |  |
| **STATE OF TENNESSEE,** | ) | (Post-Conviction: Murder - first degree, |
| Appellee. | ) | Assault with intent to murder, Armed |
|  | ) | robbery) |

**FOR THE APPELLANT:**

**RUDY WENDELL MYERS** (pro se)
Rt. 4, Box 600
Pikeville, TN 37367

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General & Reporter

**MARVIN E. CLEMENTS, JR.**
Asst. Attorney General
425 Fifth Ave. North
Nashville, TN  37243-0493

**JAMES M. TAYLOR**
District Attorney General

**STEVEN M. BLOUNT**
Asst. District Attorney General
1002 West Main St.
Decherd, TN  37324

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, Rudy Wendell Myers, appeals from the dismissal of his third post-conviction petition by the Franklin County Circuit Court. In 1984 the defendant pleaded guilty to felony murder, assault with intent to commit first degree murder with bodily injury occurring to the victim, and armed robbery. He was sentenced to consecutive life sentences for each of the offenses. He did not directly appeal his convictions. In 1989 this court affirmed the denial of his first post-conviction petition. See State v. Rudy Wendell Myers, Franklin County No. 88-116-III (Tenn. Crim. App., Nashville, June 29, 1989), perm app. denied (Tenn. 1989) (Myers I). In 1992 the petitioner filed a second post-conviction petition which was subsequently summarily dismissed for being time-barred. See Rudy Wendell Myers v. State, No. 01C01-9308-CC-00270 (Tenn. Crim. App.,Jackson, Jan. 20, 1994), perm app. denied (Tenn. 1994) (Myers II). In 1999 the petitioner filed this, his third post-conviction petition, in which he states a number of grievances, including involuntary and incompetent guilty plea, approximately 30 claims of ineffective assistance of counsel, defective indictment, unconstitutionality of proscriptive criminal statutes, the state's failure to disclose exculpatory evidence, systematic exclusion of females and black persons from the grand jury, judicial bias, prejudicial pretrial publicity, and excessive sentences. He claims that the statute of limitations is tolled on these post-conviction claims because of his mental impairment. He now appeals the trial court's summary dismissal of his petition. Following a review of the record and the briefs of the parties, we affirm the trial court's judgment.

This case began in 1983 when the petitioner and his co-defendant, Kevin Watley, attacked Majorie Fults as she returned home from her family store one evening. The two masked men bound and gagged Ms. Fults and waited for her husband, Chester Fults, and her son, Ricky Fults, who were on their way home. Mr. Fults entered his home, followed by his son. As Ricky Fults passed through the

2

door, someone told him to "halt," and he was struck in the back. He was then shot in the arm. As he slumped over, he saw his father shot with a shotgun and one of the attackers going through his father's belongings. He passed out, and when he awoke, the attackers were gone, along with the car his mother had been driving.

Nine days after the murder, the petitioner contacted the police and confessed to the offenses. He led the police to the location where the money and guns were hidden. He was indicted for first degree murder of Mr. Fults, felony murder of Mr. Fults, assault with intent to commit first degree murder with bodily injury to Ricky Fults, assault with intent to commit first degree murder with a deadly weapon to Mrs. Fults, and armed robbery of Mrs. Fults. A few weeks before his co-defendant's trial the petitioner wrote a letter to the local paper in which he stated that he had converted his religion, that he wanted to get right with his God, and that he wanted to tell young people about the horrors of drugs. He essentially confessed in the letter.

In exchange for the state not seeking the death penalty, the petitioner agreed to testify at his co-defendant's trial and to plead guilty to the charges for felony murder, assault with intent to murder Ricky Fults, and armed robbery. He also agreed to consecutive life sentences for these offenses.

In the petitioner's first post-conviction proceeding (Myers I), he alleged ineffective assistance of counsel in that he claimed his counsel did not communicate with him, did not pursue the defense of insanity or diminished capacity, and did not explain the meaning of consecutive sentences. After an evidentiary hearing, the Myers I post-conviction court found that the petitioner's trial counsel exhaustively investigated and prepared the case and examined the

3

possibility of a defense based upon insanity, mental incompetency, or mental health limitations. The Myers I court denied the petition.

In the case at bar, the trial court dismissed the petitioner's post-conviction petition without holding an evidentiary hearing. The trial court found that the petition was filed outside the statute of limitations.

The petition alleges that Myers "has never been competent in this cause to raise any of his claims for relief, nor was Petitioner psychologically sound at the time of his convictions and sentences." The petition further alleges that he has a "history of psychological illness, and a proper investigation would reveal this." The petitioner says he suffers from "psychological and neurological brain damage" and that both he and his family have a history of mental illness.

The petition alleges that Myers has sustained numerous head injuries, has a childhood history of abusing inhalants, experiences "radical mood and delusional disorders, . . . extreme depression, . . . loss of memory, an inability to recall even recent events, . . . [and] has difficulty with thinking abstractly." The petition further alleges that upon motion of his trial counsel before he pleaded guilty, the trial court ordered a physical and mental examination and that this examination did not meet the standard of care for a forensic evaluation. A letter documenting the results of the court-ordered examination are attached to the petition as an exhibit. Also attached to the petition is a report of an evaluation, performed in 1996 by the petitioner's expert, which concludes that the previous letter, which was addressed to the trial court, "does not meet the standard of care for a psychological assessment pertinent to mental state at the time the crime was committed." The petition alleges that the evaluation of the first letter is new evidence which was not previously raised and was not capable of being "discovered by a lay person such

**4**

as [the petitioner]." The petition makes only passing reference to petitioner's first post-conviction petition and claims that it "illustrates the confusion and misunderstanding Petitioner had regarding his pleas and the resulting sentences."

A trial court's initial review of a post-conviction petition is pursuant to Code section 40-30-206, which provides that the trial court shall consider the factual allegations to be true in determining whether the petition shall be dismissed. See Tenn. Code Ann. § 40-30-206(f) (1997). The trial court must "examine [the petition] together with all the files, records, transcripts, and correspondence relating to the judgment under attack." Tenn. Code Ann. § 40-30-206(a) (1997). Furthermore, the petitioner must rebut the presumption that claims have either been waived or previously determined. Id.; see also Harris v. State, 996 S.W.2d 840, 841 (Tenn. Crim. App. 1999).

The petitioner pleaded guilty in 1984, and he did not make a direct appeal. The statute of limitations for filing a post-conviction petition expired on July 1, 1989. See Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988). In Watkins v. State, 903 S.W.2d 302 (1995), our state's highest court held that the saving statute found at Code section 28-1-106 operated to toll the statute of limitations where the post-conviction petitioner was "at the time the cause of action accrued . . . of unsound mind." Watkins, 903 S.W.2d at 304-05 (quoting from Tenn. Code Ann. § 28-1-106 (1980)). The petition at issue in Watkins was filed before the Post-Conviction Procedure Act of 1995. Of significance to the petitioner, the Watkins court further determined that due process would be offended by application of the statute of limitations in the case of mental incompetence. Watkins, 903 S.W.2d at 305-06.

The Post-Conviction Procedure Act of 1995 provides a one-year statute of limitations. Tenn. Code Ann. § 40-30-202(a) (1997). Limited exceptions are prescribed; however, no exception addresses the effect of mental incompetence on the limitations period. See Tenn. Code Ann. § 40-30-202(b) (1997). The Act further provides, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-202(a) (1997).

Under the 1995 Act, the "anti-tolling" provision defeats the operation of the savings statute. See Tenn. Code Ann. § 40-30-202(a) (1997) ("anti-tolling"); Tenn. Code Ann. § 28-1-106 (1980) (savings). However, the anti-tolling provision has no operation against constitutional principles. John Paul Seals v. State, No. 03C01-9802-CC-00050, slip op. at 5 (Tenn. Crim. App., Knoxville, Jan. 6, 1999), perm. app. granted (Tenn. 1999); Vikki Lynn Spellman v. State, No. 02C01-9801-CC-00036, slip op. at 4 (Tenn. Crim. App., Jackson, Aug. 21, 1998), perm. app. granted (Tenn. 1999). Thus, the portion of the Watkins holding which recognizes a due process right to tolling of the statute of limitations remains viable in the face of the Post-Conviction Procedure Act of 1995. Accordingly, Myers' petition must be evaluated consistently with the due process holding of Watkins.

We, turn then, to the question of whether the petitioner has stated a cognizable claim for tolling under Watkins. In this inquiry, we find State v. Ralph Dean Purkey, No. 03C01-9902-CC-00082 (Tenn. Crim. App., Knoxville, Dec. 17, 1999), instructive. In Ralph Dean Purkey, the post-conviction petitioner filed an untimely petition and sought to avoid the bar of the 1995 statute of limitations via Watkins by claiming "psychological dysfunction and illness as a result of apparent psychological and neurological brain damage," and "radical mood swings, extreme depression, loss of memory, . . . an inability to recall even with [sic] recent events,

**6**

. . . poor judgment, and has difficulty thinking abstractly." Id., slip op. at 4-5. He alleged that his "psychological disability and incompetency" made him "incapable of maintaining these proceedings . . . or of protecting his own constitutional rights." Id., slip op. at 5. This court affirmed the dismissal of Purkey's petition. The court applied the civil standard of incompetency by requiring that, in order to toll a post-conviction statute of limitations, the petitioner's condition must be "'of such a nature as to show him unable to manage his personal affairs or estate, or to comprehend his legal rights or liabilities.'" Id., slip op. at 5 (citations omitted). As such, the court reasoned, "[m]ental incompetence for tolling purposes does not simply equate with mental illness." Id., slip op. at 6. The court concluded that Purkey did not allege, except by conclusory allegations, the level of incompetency required to toll the statute of limitations. Moreover, he did not show the required incompetency "over the period of time needed to make his present petition viable," despite his conclusory allegations to the contrary. Id., slip op at 6.

In the present case, we view the petitioner's allegations in the same light and conclude that he has not demonstrated an incompetence which would toll the running of the statute of limitations.

Furthermore, we hold that, even if the statute of limitations did not bar the petition, it is nevertheless barred by the one-petition rule of Code section 40-30-202(c), which provides that, after one petition for post-conviction relief has been decided on the merits, "any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. § 40-30-202(c) (1997). In Myers I, the post-conviction court appointed counsel and held an evidentiary hearing in which the petitioner attacked his guilty plea and probed his mental condition at the time of his conviction via his claim that his counsel had deficiently represented him in not communicating with and informing him and in not obtaining and using evidence of

**7**

mental health issues.  The <u>Myers I</u> petition was disposed of on the merits, and thus the present petition is barred by section 40-30-202(c).  This court has held that the bar of section 40-30-202(c) applies to a petition filed under the 1995 Act, even though the preceding petition was filed and disposed of on the merits prior to the effective date of the 1995 Act.  <u>Eugene Kerrent v. State</u>, No. 02C01-9809-CC-00288 (Tenn. Crim.  App., Jackson, May 25, 1999) (Rule 20 Order summarily affirming dismissal of petition); <u>Robert Lee Taylor v. State</u>, No. 02C01-9805-CC-00161 (Tenn. Crim. App., Jackson, Aug. 12, 1998) (Rule 20 Order summarily affirming dismissal of petition); <u>Lawrence Allen Hodge v. State</u>, No. 03C01-9708-CR-00332 (Tenn. Crim.  App., Knoxville, June 3, 1998), <u>perm</u>. <u>app</u>. <u>denied</u> (Tenn. 1998).

We do not believe that the one-petition bar runs afoul of <u>Watkins</u>.  The crux of our supreme court's due process ruling in <u>Watkins</u> is that the post-conviction petitioner should be given "an *opportunity* for the presentation of claims at a meaningful time and in a meaningful way."  <u>Watkins</u>, 903 S.W.2d at 306 (emphasis added) (quoting <u>Burford v. State</u>, 845 S.W.2d 204, 208 (Tenn. 1992)).  Application of the one-petition rule has not denied the petitioner this opportunity.  His petition in <u>Myers I</u> resulted in the appointment of counsel and an evidentiary hearing.  <u>Myers II</u>, slip op. at 2, n.2.  The <u>Myers I</u> post-conviction court found that trial counsel had painstakingly and exhaustively explored the petitioner's mental condition.  Even though the issue before the <u>Myers I</u> court was trial counsel's effective assistance in not pursuing an insanity defense or a diminished capacity strategy, the hearing shed light upon the petitioner's condition both at the time of conviction and the time of the <u>Myers I</u> hearing.  Moreover, the thrust of the petition in <u>Myers I</u> was to attack the guilty plea.  <u>See</u> <u>Myers I</u>, slip op. at 2.  On the facts of this case, the petitioner has had a meaningful opportunity to present his post-conviction claims.

**8**

The case at bar is distinguishable from the cases of <u>John Paul Seals</u> and <u>Vikki Lynn Spellman</u>. Although each petitioner in those cases had filed a prior post-conviction petition, in neither case was the previous petition reviewed on its merits. However, Myers has been afforded, through counsel, an "opportunity to challenge his conviction in a meaningful time and manner" with his first petition. <u>Watkins</u>, 903 S.W.2d at 306. Accordingly, we conclude that due process has not been violated in petitioner's case.

Finally, we conclude that the petitioner is not eligible to reopen his original petition. After a prior first petition has been decided on its merits, a petitioner may move to reopen the proceeding under limited circumstances. <u>See</u> Tenn. Code Ann. §§ 40-30-202(c), -217(a) (1997). In pertinent part, Code section 40-30-217(a) provides that a petitioner may reopen a post-conviction petition only on one of the following conditions:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. . . . or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and
>
> (4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

Tenn. Code Ann. § 40-30-217(a) (1997). The petitioner has not alleged, nor do we discern, any circumstances that would permit him to reopen his prior petition under Code section 40-30-217(a).

**9**

Accordingly, the judgment of the trial court dismissing the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
JOE G. RILEY, JUDGE


_____
THOMAS T. WOODALL, JUDGE