IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2004

## TONY G. SMITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 94-D-2124     Steve Dozier, Judge**

_____

**No. M2003-00598-CCA-R3-PC - Filed March 4, 2004**

_____

The petitioner, Tony G. Smith, appeals as of right from the order of the Davidson County Criminal Court holding that his petition for post-conviction relief was barred by the statute of limitations and dismissing the petition without appointing counsel or holding an evidentiary hearing. The petitioner is seeking relief from his convictions for attempted first degree murder and stalking and his effective twenty-nine-year sentence. The petitioner contends that the trial court erred in its finding that the petitioner did not allege any circumstances that would qualify as an exception to the one-year statute of limitations for filing post-conviction relief. We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, joined.

Tony G. Smith, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Stephen Douglas Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1995, the petitioner was convicted of attempted first degree murder and stalking, and this court affirmed the conviction on May 16, 1997. See State v. Tony G. Smith, No. 01C01-9603-CR-00084, Davidson County (Tenn. Crim. App. May 16, 1997), app. denied (Tenn. Jan. 26, 1998). The Tennessee Supreme Court denied the petitioner's application for permission to appeal on January 26, 1998. On February 12, 2002, the petitioner filed his pro se petition for post-conviction relief, claiming that he received the ineffective assistance of counsel. The trial court dismissed the petition without an evidentiary hearing on the basis that the petitioner filed his petition outside the one-year statute of limitations. See T.C.A. § 40-30-102(a) (2003). Although the trial court noted that T.C.A.

§ 40-30-102(b) (2003) provided exceptions to the one-year statute of limitations period, it determined that none of the exceptions applied in this case.

First, we note that if the statute of limitations for the post-conviction petition has not been tolled, the petitioner is not entitled to the appointment of counsel, an evidentiary hearing, or a ruling by the trial court on each ground for relief raised by the petitioner. See Watkins v. State, 903 S.W.2d 302, 304 (Tenn. 1995). If it plainly appears from the petition and other relevant case proceedings available to the trial court that the statute of limitations has run, the trial court is required to enter an order that dismisses the petition and provides the reasons and facts that support the dismissal. See T.C.A. § 40-30-106(b) (2003). Thus, the statutory rights claimed by the petitioner in this case would not be triggered.

Pursuant to T.C.A. § 40-30-102(a) (2003):

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence . . . .

Based upon the face of the petition and the court records contained in the record on appeal, the statute of limitations ran long before the filing of the petition.

However, the petitioner contends that application of the statute of limitations to bar post-conviction relief to a mentally incompetent petitioner who has been unable to file a timely petition violates due process. He cites Watkins, in which our supreme court held that "because a petitioner who was incompetent throughout the limitations period would be denied the opportunity to challenge his conviction in a meaningful manner, the failure to toll the limitations period would deny such a petitioner a fair and reasonable opportunity for the bringing of the petition, and thus, would violate due process." 903 S.W.2d at 307. In response, the state asserts that the petitioner has not alleged any circumstances that would qualify as an exception to the one-year statute of limitations for filing for post-conviction relief.

If a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, a court may still consider it if (1) a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. T.C.A. § 40-30-102(b)(1)-(3) (2003). A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992); see, e.g., Seals v. State, 23 S.W.3d 272 (Tenn. 2000) (holding that due process

mandates the tolling of the statute of limitations under the 1995 Sentencing Act during periods of a petitioner's mental incompetence).

With regard to a claimed mental incompetence, our supreme court has provided the following regarding a petitioner's pleading requirements:

> [T]o make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

State v. Nix, 40 S.W.3d 459, 462-64 (Tenn. 2001) (citations omitted).

In the present case, the petitioner has not alleged sufficient facts that, taken as true, warrant a legal conclusion that the petitioner was mentally incompetent to file a post-conviction claim at all times material to the statute of limitations. The petition purports to be signed by the petitioner but prepared by another inmate as a "next friend" of the petitioner. The petition states that the petitioner is a mentally challenged person with a history of mental illness and that he is unable either to manage his personal affairs or to understand his legal rights and liabilities. In support of this claim, he offers the affidavit of his mother, Lucy Clark. The affidavit, however, only states that a trial attorney of the petitioner told her that he would ask the trial court for a mental health evaluation for the petitioner but that the petitioner was never evaluated. The affidavit contains no information about the petitioner's mental state during times material to the statute of limitations.

The petitioner next contends that his placement in a mental health facility in the Tennessee Department of Correction is sufficient prima facie evidence that the petitioner's mental condition requires that the statute of limitations be tolled. Residing in a state mental health facility, however, does not, by itself, demonstrate that he is unable to manage his affairs or unable to understand his legal rights and liabilities. The petitioner does not specify how his mental condition limited him after his direct appeal was denied by the supreme court, and he does not state any specific reasons

why he is in the mental health facility. In his petition, the petitioner has made a conclusory argument that because he resides in a mental health institution, he is mentally incompetent and unable to manage his affairs or appreciate his legal rights and liabilities. Unsupported and conclusory claims such as these are insufficient to make a prima facie showing that the one-year statute of limitations should be tolled. See Nix, 40 S.W.3d at 464. The trial court's ruling that the petitioner had not alleged any circumstances that would qualify as an exception to the one-year statute of limitations for filing post-conviction relief was correct, and its dismissal of the petition was proper.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE