IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 27, 2004

## ANNIE RUTH GILKERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 03CR076      James E. Beckner, Judge**

_____

**No. E2003-02439-CCA-R3-PC**
**April 16, 2004**
_____

The petitioner, Annie Ruth Gilkerson, appeals from the post-conviction court's dismissal of her petition for post-conviction relief. Because the petition is barred by the statute of limitations, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Douglas L. Payne, Greeneville, Tennessee, for the appellant, Annie Ruth Gilkerson.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; and Eric D. Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 2, 1999, the petitioner entered pleas of guilt to two counts of especially aggravated kidnapping, two counts of aggravated assault, simple assault, theft under $500.00, and public intoxication. The trial court imposed an effective sentence of 15 years to be served at 100%. There was no direct appeal of either the convictions or the sentences.

On June 5, 2003, the petitioner filed a petition for post-conviction relief alleging that she had been denied the effective assistance of counsel, based primarily upon her counsel's failure to adequately investigate the circumstances of the offense and prepare for trial. The petitioner, who claimed a diminished capacity, also asserted that because she was not adequately informed of her constitutional rights prior to entering into the plea agreement, the guilty pleas were neither knowingly nor voluntarily entered. The post-conviction court appointed counsel, the state filed a motion to dismiss because the petition was not timely filed, and the petitioner responded that her own mental incompetence had tolled the applicable statute of limitations. See Watkins v. State, 903 S.W.2d 302 (Tenn. 1995). Thereafter, the state filed responsive pleadings, arguing that the petitioner

had failed to allege sufficient facts to support her claim of mental illness, and the trial court summarily dismissed based upon the petitioner's failure to support her claim of mental incompetency.

In this appeal of right, the petitioner claims that the following allegations were sufficient to avoid a summary dismissal:

> Your petitioner asserts that she has suffer[ed] from mental illnesses throughout her entire life, that on several occasions she has attempted to take her life, the most viable time being shortly after the arrest [for] said charges . . . when a jailer found [her] hanging from a bed sheet in her cell. Petitioner[, who] has been under the constant and continuous care of mental health professionals, was self-medicating with alcohol. Your [p]etitioner was under numerous psychotic medications [including] Paxil, Depakote, Haldol, [Klonipin], etc . . . . Your [p]etitioner was declared with a mental condition of a severe impairment by an [a]dministrative [l]aw [j]udge on April 21st, 1999, just months before a guilty plea was entered.

In support of her claim, the petitioner cites State v. Nix, 40 S.W.3d 459, 463 (Tenn. 2001), wherein our supreme court held that a summary dismissal was inappropriate when the petition included specific factual allegations demonstrating an inability on the part of the petitioner to manage his or her personal affairs "or to understand his [or her] legal rights and liabilities." The petitioner argues that the contents of her sworn petition qualified as something more than a mere conclusory claim of mental incompetency.

Initially, our supreme court held in Watkins that due process required the tolling of the three-year statute of limitations during a period of mental incompetence. Our high court observed that "the failure to toll the limitations period would deny such a petitioner a fair and reasonable opportunity for the bringing of the petition." 903 S.W.2d at 307. More recently, in Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000), the supreme court, while considering the constitutionality of the one-year statute of limitations adopted in the 1995 Act, reaffirmed that due process required the tolling of the statute of limitations during a period of mental incompetency despite the statutory anti-tolling provisions that the General Assembly included in the 1995 Post-Conviction Procedure Act.

In Nix, our supreme court ruled that due process required a tolling of the statute of limitations only if the post-conviction petitioner establishes an inability to manage his or her personal affairs or to understand his or her legal rights and liabilities. 40 S.W.3d at 463. While approving this "civil standard of competency" as satisfying constitutional due process, our supreme court held that every petitioner must establish a prima facie case utilizing the civil standard and approved the concept that insufficient factual allegations of incompetence would result in a summary dismissal:

> Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) [and] (f). . . . The required prima facie showing may be satisfied by

attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. See Tenn. Code Ann. § 40-30-204(e) . . . . While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions for family members, prison officials, attorneys, or any other person who has knowledge or of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities. . . .

Id. at 464.

The petitioners in Nix alleged mood disorders, depression, and other forms of diminished capacity but did not supply the specific factual allegations. Our supreme court ruled that the failure on the part of the petitioners to adequately state a factual basis for their claims of incompetency permitted a summary dismissal.

In this instance, Tennessee Code Annotated section 40-30-202(a) (1997),[1] which prescribes a one-year statute of limitation, bars this post-conviction petition. Moreover, the petitioner did not claim an inability to manage her own personal affairs or understand her rights and liabilities. There are no affidavits, depositions, medical reports, or any other evidence supportive of any claim of incompetence under the civil standard. The petitioner has failed to include statements from family members, prison officials, attorneys, or any other person able to provide information on her mental health.

It is our view, therefore, that the petitioner has failed to make a prima facie showing of incompetence and, in consequence, her petition is barred by the statute of limitations. A summary dismissal was warranted. Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

---

[1]In August of 2003, the Post-Conviction Procedure Act was renumbered within the Code. It now appears at sections 40-30-101 through 40-30-122.