IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

## ROBERT SIMONS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Washington County**
**No. 41377      Lisa Rice, Judge**

### No. E2017-02411-CCA-R3-PC

According to the allegations in the pro se post-conviction petition, the Petitioner, Robert Simons, was convicted by a Washington County Criminal Court jury of two counts of aggravated child abuse and six counts of child neglect and received an effective eighteen-year sentence. He alleged that the date of the judgment was April 13, 2012, and that no appeal was filed. He filed a post-conviction petition on February 16, 2016, alleging that the one-year post-conviction statute of limitations should not bar his petition because he was tried pursuant to an invalid indictment, he was asserting actual innocence, and his severe mental disability prevented him from "understanding the laws and rules to present and articulate the violations occurring in the trial court proceedings." The post-conviction court summarily dismissed the petition as time-barred after considering the statutory factors that allow for tolling the statute of limitations. *See* T.C.A. § 40-30-102(b)(1)-(3) (2012). On appeal, the Petitioner contends that the post-conviction court erred in dismissing the case on the basis of the statute of limitations. We reverse the judgment of the post-conviction court and remand the case for consideration of whether due process requires tolling the statute of limitations pursuant to *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001), and to consider whether the appointment of counsel is appropriate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Robert Simons, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Ken C. Baldwin, District Attorney General; and Dennis D. Brooks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The issue in this appeal relates to whether due process requires tolling of the one-year statute of limitations in which to file a petition for post-conviction relief. In the pro se petition, the Petitioner alleged that he was denied his right to appeal his conviction based upon the ineffective assistance of counsel, that counsel provided ineffective assistance throughout the trial court proceedings, and that his due process and equal protection rights were violated. The Petitioner acknowledged his petition was filed outside the one-year statute of limitations, but he alleged that the statute of limitations should not bar his claim because he was tried pursuant to an invalid indictment, because he was asserting actual innocence, and because he was "severely mentally disabled" and lacked the capacity to present, articulate, and argue the alleged violations occurring during the trial court proceedings. Although the Petitioner attached to his petition various medical records associated with his family, a Child Protective Services Intake Summary relative to one of the Petitioner's children states that the child's parents, who include the Petitioner, are "mentally challenged." The Petitioner also attached to his petition Supplemental Security Income documents that reflect the Petitioner received benefits for an unspecified reason from 1998 to 2010.

The Petitioner's substantive bases for post-conviction relief related to the denial of his right to appeal, the ineffective assistance of counsel, and the violations of his equal protection and due process rights. The State responded that the petition should be dismissed because it was time-barred and because due process tolling was not required in that the exceptions to the statute of limitations period delineated in Tennessee Code Annotated section 40-30-102 did not apply. The Petitioner filed a subsequent response arguing that when mental incompetence prevented a petitioner from complying with the statute of limitations period, due process required tolling of the statute of limitations. The post-conviction court summarily dismissed the petition as untimely. The order dismissing the petition states that the judgment of conviction was entered on April 13, 2012, that the Petitioner did not appeal his conviction, and that the Petitioner's time to file a post-conviction petition had expired before filing his February 16, 2016 petition. The court determined that the Petitioner had not asserted any exceptions to the statute of limitations stated in Code section 40-30-102(b) that would warrant due process tolling. The Petitioner appealed.

The Petitioner contends that the post-conviction court erred by summarily dismissing the petition as untimely, arguing that his petition should not be time-barred because he was tried pursuant to an invalid indictment and because he is "severely mentally disabled." He further contends that he received the ineffective assistance of counsel and that his due process and equal protection rights were violated. The State responds that the court properly dismissed the petition as untimely.

Post-conviction relief is available within one year of the date of a judgment's becoming final. T.C.A. § 40-30-102(a) (2012). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

(b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b)(1)-(3).

The record reflects that the post-conviction petition was filed after the one-year limitations period expired. However, the Petitioner sought due process tolling of the statute of limitations based upon an invalid indictment, his actual innocence, and his mental disability. These allegations are insufficient for tolling the limitations period pursuant to Code section 40-30-102(b). As a result, the post-conviction court did not err by determining that the Petitioner failed to assert any of the statutory exceptions requiring due process tolling of the statute of limitations.

However, in addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing *Long*

*v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).  One basis upon which due process may require tolling is for periods of mental incompetence.  *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Watkins v. State*, 903 S.W.2d 302 (Tenn. 1995).

In *State v. Nix*, our supreme court said, in the context of a post-conviction petition alleging that due process required tolling the statute of limitations due to the petitioner's mental incompetence, that "the mere assertion of a psychological problem" was insufficient to establish a prima facie claim that the limitations period should be tolled.  The court said that the petition must include specific factual allegations to support the tolling claim.  *Nix*, 40 S.W.3d at 464.  The court explained:

> We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). *Cf. Van Tran v. State*, 6 S.W.3d 257, 268 (Tenn. 1999) (holding that unsupported assertions of incompetency to be executed are not sufficient to meet the required threshold showing); *State v. Barnett*, 909 S.W.2d 423, 431 (Tenn. 1995) (holding that unsupported assertions that expert services are needed are insufficient to entitle a defendant to a hearing). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. *See* Tenn. Code Ann. § 40-30-204(e) ("Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it."). *Cf. Van Tran*, 6 S.W.3d at 269 (holding that the required threshold showing to establish a genuine disputed issue regarding a prisoner's competency to be executed may be met by submitting affidavits, depositions, medical reports, or other credible evidence). While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate
>
> either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

*Nix*, 40 S.W.3d at 464.

Although the record reflects that the post-conviction court considered whether due process required tolling the one-year statute of limitations pursuant to the statutory exceptions in Code section 40-30-102(b), the record does not reflect that the court considered whether the Petitioner's assertion of mental incompetence or disability required tolling the statute of limitations pursuant to *Nix*. Although the Petitioner attached to his petition various medical records associated with his family, a Child Protective Services Intake Summary relative to one of the Petitioner's children states that the child's parents are "mentally challenged." Supplemental Security Income documents reflect that the Defendant received benefits for an unspecified reason from 1998 to 2010. Therefore, we remand the case to the post-conviction court for consideration of whether due process requires tolling the statute of limitations pursuant to *Nix*. Upon remand, the post-conviction court may wish to consider whether counsel should be appointed in order to assist the Petitioner in presenting additional medical documentation, if necessary, in establishing his allegation of mental incompetency or disability.

In consideration of the foregoing and the record as a whole, we reverse the judgment of the post-conviction court and remand the case for further proceedings consistent with this opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE