IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs July 15, 2020

## VAUGHN HARRIS a.k.a. VAUGHN SHERWIN HARRIS v. STATE OF TENNESSEE

**Direct Appeals from the Criminal Court for Davidson County**
**No. 2005-A-179   Jennifer Smith, Judge**
**No. 95-B-1472   Angelita Blackshear Dalton, Judge**
**No. 2010-I-1168   Monte Watkins, Judge**

_____

### No. M2019-01873-CCA-R3-PC

_____

On September 3, 2019, Vaughn Harris, Petitioner, filed pro se petitions for post-conviction relief in three Davidson County cases. The petitions were filed years after the one-year statute of limitations in Tennessee Code Annotated section 40-30-102(a) had expired. The post-conviction courts summarily dismissed the petitions as untimely. Petitioner appealed claiming that the statutory exceptions in Tennessee Code Annotated section 40-30-102(b) provided jurisdiction for the post-conviction courts to consider the petitions and/or that he was entitled to due process tolling of the statute of limitations. Pursuant to Tennessee Rule of Appellate Procedure 16(b), we ordered the three appeals to be consolidated because they involved "common questions of law and/or common facts."[1] After review of the record and applicable law, we affirm the summary dismissal in all three cases.

**Tenn. R. App. P. 3 Appeals as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Vaughn Harris, Nashville, Tennessee. Pro Se.

---

[1] We consolidated docket numbers M2019-01875-CCA-R3-PC (Criminal Court for Davidson County No. 2010-I-1168) and M2019-02063-CCA-R3-PC (Criminal Court for Davidson County No. 95-B-1472) under M2019-01873-CCA-R3-PC (Criminal Court for Davidson County No. 2005-A-179).

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Doug Thurman, Assistant District Attorney General (No. 2005-A-179); Roger Moore, Assistant District Attorney General (No. 2010-I-1100); Amy Hunter, Assistant District Attorney General (No. 95-B-1472) for the appellee, State of Tennessee.

## OPINION

### Procedural Background

*Davidson County Case No. 2005-A-179, Jennifer Smith, Post-Conviction Judge*

The Davidson County Grand Jury indicted Petitioner on February 1, 2005, for felony reckless endangerment. The indictment alleged Petitioner "engage[d] in conduct which placed or which might have placed individuals on the property of Vision Child Development Center in imminent danger of death or serious bodily injury, said offense being committed with a deadly weapon, to wit: a shotgun[.]" On May 5, 2005, Petitioner entered a plea of guilty to the charged offense and was sentenced to one year in the workhouse. According to the Special Conditions section of the judgment of conviction, Petitioner was released for time served.

On September 3, 2019, Petitioner filed a pro se petition for post-conviction relief using the form provided in Tennessee Supreme Court Rule 28, Appendix A (the "Rule 28 form"). Petitioner checked all eleven boxes under "Grounds of Petition." In the narrative section of the Rule 28 form, Petitioner claimed, as best as we can tell, that his plea was not entered knowingly and voluntarily and was based on a coerced confession by the trial judge, that he received ineffective assistance of counsel because his counsel "lied" by telling him that he could not file a post-conviction relief petition, and that there was new scientific evidence that proved his innocence.

The Rule 28 form contains numerous questions followed by a space for a petitioner to answer. Question 11 provides:

11. If more than one (1) year has passed since the date of final action, or your direct appeal to the state appellate courts, state why the statute of limitations should not bar your claim.

(Petitioner's answer): Due to ineffective assistance of counsel! My lawyer lied to me and claimed I could not file any post[-]conviction remedies or appeals to my case or plea conviction. This misrepresentation by my legal counsel hindered my filing a timely post[-]conviction relief petition in a

2

timely manner. I only recently learned that I had the right to post[-]conviction relief of a false conviction.

The "new scientific evidence that proved [Petitioner's] innocence" was Petitioner's "sworn" statement in the petition that he did not have a weapon during the incident that led to the charge of reckless endangerment.

By written order entered on September 17, 2019, the post-conviction court summarily dismissed the petition finding:

> Tennessee Code Ann[otated section] 40-30-102 imposes a one-year statute of limitations for post-conviction actions. [P]etitioner's judgment of conviction was entered May 5, 2005. Because [P]etitioner filed no direct appeal, his judgment became final thirty days later[,] on June 5, 2005. He was thus required to file any post-conviction petition by June 5, 2006. The instant petition, filed more than thirteen years after that date, is thus untimely.
>
> Moreover, the petition includes no valid ground for equitable tolling of the one-year filing period. Petitioner contends he failed to file a petition within the one-year period due to ineffective assistance of counsel, specifically, in that h[is] counsel "claimed I could not file any post-conviction remedies or appeal to my case or plea conviction." Petitioner, at p. 3. But the Tennessee Supreme Court has not held that trial or appellate counsel's inadvertent or negligent failure to inform a client of the right to file a post-conviction petition is a sufficient basis to toll the statute of limitations. *See Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (explaining that pervasive theme of tolling is that circumstances beyond a petitioner's control prevented him or her from filing a petition within the one-year period). *See also State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995) (holding that the [d]efendant's petition for post-conviction relief was time-barred, notwithstanding claim that attorney consulted by defendant within statutory period of conviction advised against seeking post-conviction relief). Moreover, ignorance of the law does not rise to the level of violating due process for tolling purposes.

### *Davidson County Case No. 95-B-1472, Angelita Blackshear Dalton, Post-Conviction Judge*

The Davidson County Grand Jury indicted Petitioner on June 16, 1995, for selling less than .5 gram of cocaine. On October 6, 1995, Defendant pled guilty to facilitation of a sale of less than .5 gram of cocaine and was sentenced to two years. He was released for time served and the balance of his sentence was ordered to be served on probation.

On September 3, 2019, Petitioner filed a pro se petition for post-conviction relief using the Rule 28 form. Petitioner checked all eleven boxes under the "Grounds of Petition." In the narrative section of the form, Petitioner claimed, as best as we can tell, that his plea was not entered knowingly and voluntarily, that his plea was coerced by the trial judge who "claimed [that he] could not plea[d] not guilty," that trial counsel "told [him] to lie to the court to get out of jail," that trial counsel "lied" by telling him that he could not file a post-conviction relief petition, and that there was new scientific evidence that proved his innocence. Petitioner also claimed that the statute of limitations should be tolled because "he only recently learned that [he] had post-conviction remedies that my attorney waived and failed to inform me about."

Question 11 of the Rule 28 form and Petitioner's answer are as follows:

11. If more than one (1) year has passed since the date of final action, or your direct appeal to the state appellate courts, state why the statute of limitations should not bar your claim.

(Petitioner's answer):

(1) I had no understanding of the plea I was given at the time the plea was given.

(2) Because I was given ineffective of assistance of counsel, I was told to take a plea when I should have gone to trial.

(3) I was given ineffective of assistance of counsel by (*several bias[ed]) lawyers[,][2] and

(4) I was told that my guilty plea waived my right to file a petition for post[-]conviction relief by the lawyer which violated due process.

(5) I did not know I could file for post[-]conviction relief.

*Claim base[d] on new scientific evidence showing innocence of me, [Petitioner]."

Concerning "newly discovered evidence," Petitioner wrote: "The undercover cop forced money into my hand. He then lied and claimed I sold him fake drugs: the substance was false and not sold."

---

[2] The petition alleges that he was represented by three different attorneys from the Davidson County Public Defender's Office at various times during the pendency of the case.

4

The post-conviction court entered a comprehensive order. The court "summarized" the petition "generally" as "alleging that Petitioner's trial counsel was ineffective during trial proceedings and in rendering advi[ce] about post-conviction relief." The court noted that Petitioner provided no "support" of his claim that "new scientific evidence would show his innocence."

After finding that the petition was untimely filed, the post-conviction court examined certain exceptions that allow an untimely-filed petition to be considered and certain grounds that justify due process tolling of the statute. The written order stated:

> After review of [Petitioner's] [p]etition, the [c]ourt finds that the exceptions in [section] 40-30-102(b) and (c) do not apply. [Petitioner] does not assert the existence of a new constitutional right that should be applied retroactively and fails to specifically point to any scientific evidence that would establish his actual innocence. Additionally, while [Petitioner's] petition alleges that an invalid prior conviction upon which the present conviction relied . . . warrants post-conviction relief, he does not articulate any specific prior conviction, and the [c]ourt finds no prior conviction that [Petitioner] could rely on for relief. In general, [Petitioner]'s contentions relevant to [section] 40-30-102(b) are without merit. Further, [section] 40-30-102(c) does not apply because [Petitioner] is not seeking to reopen a post-conviction proceeding that has been concluded.

> Since [Petitioner's] [p]etition is time-barred under [section] 40-30-102, and no exception applies under [section] 40-30-102(b) or (c), the [c]ourt must consider whether due process requires tolling the statute of limitations. While due process may require tolling the statute of limitations under certain circumstances, a post-conviction petitioner is entitled to tolling only upon a showing that he has diligently pursued his rights and that some extraordinary circumstance stood in his way and prevented timely filing. *See Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The [c]ourt has identified certain extraordinary circumstances in which due process requires tolling the post-conviction statute of limitations. In every case in which the [c]ourt has held that the statute of limitations warrants tolling, "the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 359 (Tenn. 2011). In [Petitioner's] case, there is no showing of extraordinary circumstances that prevented [Petitioner] from filing a post-conviction petition before his current [p]etition for Post-Conviction Relief. First, [Petitioner] does not assert a claim for relief that arose after the statute of limitations period expired. In his petition, [Petitioner] challenges issues

that existed during trial proceedings, including ineffective assistance of counsel and the voluntariness of his guilty plea. Because these issues existed prior to the expiration of the statute of limitations period, [Petitioner] had a reasonable opportunity to present his claims prior to his current [p]etition. Second, [Petitioner] does not assert mental incompetency in his pro se [p]etition that prevented him from presenting his claims during the statute of limitations period. Third, [Petitioner's] allegation that his attorney misinformed him about his ability to file for post-conviction relief is insufficient to toll the statute of limitations; an attorney's negligent failure to render advice to the petitioner as to the statute of limitations period does not require tolling. The circumstances in this case are not extraordinary circumstances that warrant tolling the statute of limitations on due process grounds.

The post-conviction court denied the petition.

### *Davidson County Case No. 2010-I-1168, Monte Watkins, Post-Conviction Judge*

The Davidson County Grand Jury indicted Petitioner on November 3, 2010, for sale of less than .5 gram of cocaine. On November 3, 2010, Petitioner entered a plea of guilty to the charged offense and was sentenced to six years as a Range II, multiple offender, to be served on community corrections.

As was the case with the two petitions discussed above, Petitioner filed a pro se petition for post-conviction relief on September 3, 2019, using the Rule 28 form, and checked all eleven boxes under "Grounds of Petition." Question 11 and Petitioner's answer are as follows:

11. If more than one (1) year has passed since the date of final action, or your direct appeal to the state appellate courts, state why the statute of limitations should not bar your claim.

(Petitioner's answer): I did not raise claim earlier because my attorney was ineffective. I was given ineffective assistance of counsel because my lawyer lied to me and claimed I could not file any post[-]conviction remedies or appeals to my case or plea[.]

In the narrative section, Petitioner claimed, as best as we can tell, that his plea was not entered knowingly and voluntarily, that he received ineffective assistance of counsel because his counsel "lied" by telling him that he could not file a post-conviction relief petition or an appeal, and that there was new scientific evidence that proved his innocence. Without addressing the statutory exceptions in Tennessee Code Annotated

6

section 40-30-102(b) or due process tolling, the post-conviction court summarily dismissed the petition by written order, stating:

> After examination of the petition for post-conviction relief, this court finds that pursuant to Tennessee Code Annotated section 40-30-102(a) [P]etitioner's petition is time barred. The petition was filed more than one year after the final judgment was entered. The final judgment was entered on November 3, 2010. Therefore, the petition is DENIED.

Petitioner timely filed a notice of appeal in all three cases.

## ANALYSIS

### Deficient Briefs of Petitioner

Petitioner filed handwritten briefs that do not comply with Tennessee Rules of Appellate Procedure, Rule 27(a), which requires:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Petitioner's briefs consist only of rambling arguments which somewhat comply with Rule 27(a)(7)(A). Petitioner also filed "Reply Briefs" in each of these three cases, which were copies of the State's briefs, on which he marked through certain parts and wrote his changes in ink. Despite the obvious deficiencies of Petitioner's briefs, we will address, as best as we can, Petitioner's claims because Petitioner is pro se and because he claims that "he is being held in the Metropolitan Government of Nashville, Tennessee pretrial prison jail" and that he has "no adequate access to legal law books."

### *Issues on Appeal*

Because Petitioner failed to provide a "statement of issues presented for review" as required by Tennessee Rule of Appellate Procedure 27(a)(4), we will address the issue on appeal as framed by the State: "Whether due process tolling of the post-conviction statute of limitations is warranted[.]" The State argues that the post-conviction courts properly summarily dismissed the petitions as untimely because Petitioner "cannot show that extraordinary circumstances beyond his control prevented timely filing or that he was reasonably diligent in pursuing his rights." We agree with the State that due process tolling is not warranted. We also determine that none of the statutory exceptions providing the post-conviction court jurisdiction to consider a petition filed after the expiration of the limitations period apply. *See* Tenn. Code Ann. § 40-30-102(b) (2019).

### *Statute of Limitations*

Tennessee Code Annotated section 40-30-102(a) (2019) provides in pertinent part that

a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is

8

taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Petitioner was required to file his post-conviction petition by June 5, 2006, in Case No. 2005-A-179; by November 6, 1995, in Case No. 95-B-1472; and by December 3, 2011, in Case No. 2010-I-1168. As previously stated, Petitioner filed his three petitions on September 3, 2019.[3]

### *Statutory Exceptions Allowing Courts to Consider Untimely Petitions*

Tennessee Code Annotated section 40-30-102(b) (2019) provides that

[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) [t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) [t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) [t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

---

[3] Based on the statements in Petitioner's briefs related to his current incarceration, we will give Petitioner the benefit of the doubt and assume that the State is attempting to use his felony convictions in case numbers 2005-A-179, 95-B-1472, and 2010-I-1168 to enhance his range classification in his pending case. Therefore, at the time the petition was filed, Petitioner was "in custody" for the purposes of post-conviction relief.

Tenn. Code Ann. §§ 40-30-102(b)(1)-(3) (2019).

Petitioner does not identify any "final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time" he entered his pleas of guilty. Petitioner claims that his "sworn" statements in his petitions are "new scientific evidence establishing that [Petitioner] is actually innocent." We fail to understand how Petitioner's statements about the offenses he committed are new, and they certainly are not scientific. In his petition in Case No. 2005-A-179, Petitioner claims that his sentence for felony reckless endangerment was enhanced because of a prior conviction in Case Number 95-B-1472 which "is false and was dismissed." The judgment of conviction in Case No. 2005-A-179 shows that Petitioner received the minimum sentence and was released based on time served. The sentence was not enhanced by any prior conviction. Petitioner does not identify prior convictions which he claimed were subsequently held to be invalid in the other two cases.

There is nothing in the record to suggest that any of the exceptions in Tennessee Code Annotated section 40-30-102(b) apply to any of Petitioner's three cases. The post-conviction courts properly found that Petitioner failed to timely file his petitions.

### *Due Process Tolling*

If a petitioner fails to file a timely petition, the post-conviction court does not have jurisdiction, unless due process requires tolling of the statute of limitations. *See* Tenn. Code Ann. § 40-30-102(a) (2019); *Whitehead v. State*, 402 S.W.3d 615, 622-31 (Tenn. 2013). "Issues regarding whether due process requires tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." *Id.* at 621. Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead*, 402 S.W.3d at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648 (2012)).

The running of the post-conviction statute of limitations can be tolled based on due process in cases "(1) where the grounds for overturning the conviction arose after the statute of limitations had run; (2) where the prisoner was mentally incompetent; and (3) where a prisoner has been actively misled by attorney misconduct." *Bush v. State*, 428 S.W.3d 1, 23 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 623-24). On appeal, Petitioner claims that he is entitled to due process tolling based on all three of the grounds in *Bush*.

### Grounds Arising After the Statute of Limitations Had Run

In *Whitehead*, the supreme court, citing *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992), established that under certain circumstances, the statute of limitations could deny prisoners due process. *Whitehead*, 402 S.W.3d at 623. In *Burford*, a prisoner's sentence was lengthened on account of several prior convictions that were overturned after the statute of limitations had expired. The *Burford* court determined that the post-conviction statutory filing deadline would have unfairly denied the petitioner relief. *Burford*, 845 S.W.2d at 210.

As discussed above, Petitioner claims that his sentence for felony reckless endangerment was increased because of a prior conviction in case number 95-B-1472 which "is false and was dismissed." This claim is completely without merit. In all three cases, Petitioner claims that his "sixth and fourteenth amendment rights . . . were not recognized at the time of trial due to my attorney's ineffective assistance of counsel." This claim is also meritless. The appellate records in all three cases include a "Petition to Enter Plea of Guilty" and the "Order" of the trial court accepting the plea. These documents show that Petitioner was advised of and waived his constitutional rights and that those rights were recognized at the time he pleaded guilty.

### Mentally Incompetent

Mental incompetence can be an extraordinary circumstance that warrants due process tolling. *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000); *Watkins v. State*, 903 S.W.2d 302, 307 (Tenn. 1995). However, this argument is not properly before us because it is being raised by Petitioner for the first time on appeal. Petitioner did not raise mental incompetence anywhere in the three post-conviction petitions. Consequently, this argument has been waived because it was not presented to the post-conviction court below. *Cone v. State*, 747 S.W.2d 353, 356 (Tenn. Crim. App. 1987). Moreover, Petitioner makes only an unsupported allegation of mental incompetence without making any effort to describe the nature of his condition or how it kept him from timely filing a post-conviction petition. Petitioner is not entitled to due process tolling on the basis of mental incompetence.

### Allegations of Misrepresentation by Trial Counsel

Petitioner claims that he is entitled to due process tolling of the statute of limitations because trial counsel told him that he could not file a petition for post-conviction relief. He claims that he only recently learned that he had the right to petition for post-conviction relief. In each of the three petitions, he claims that he was "lied to" because trial counsel told him that he could not file a petition for post-conviction relief. As both Judge Dalton and Judge Smith stated in their written order, "trial or appellate counsel's inadvertent or negligent failure to inform a client of the right to file a post-

conviction petition is a sufficient basis to toll the statute of limitations." *See Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011).

Typically, appellate courts defer issues of credibility to the trial court or post-conviction court because those judges hear and observe the witness. Because the summary dismissals of these cases were based on the contents of the sworn petitions, not on the appearance and oral testimony of witnesses at a post-conviction hearing, this court is "in just as good a position as the [post-conviction] court to judge the credibility of [Petitioner]." *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783-84 (Tenn. 1999); *see also Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) (stating that because all of the testimony was submitted by affidavit, the appellate court may make an independent assessment of the witnesses' credibility). Reading the three petitions together, Petitioner claims that, over a period of more than fifteen years, three different trial counsel in three different plea hearings lied to him about something that counsel had no legal duty to even discuss with him. We find Petitioner's statements concerning trial counsels' lying to him are not credible and Petitioner's claims are meritless.

## *CONCLUSION*

We hold that none of the statutory exceptions of Tennessee Code Annotated section 40-30-102(b) apply to Petitioner's cases and that Petitioner has failed to show that he is entitled to due process tolling. Petitioner has not pursued his rights diligently, and no extraordinary circumstance stood in his way and prevented timely filing. *Whitehead*, 402 S.W.3d at 631. We affirm the post-conviction courts summary dismissal of the petitions as untimely.

_____

ROBERT L. HOLLOWAY, JR., JUDGE